THE PEOPLE v. FRANK STEELE.

*Criminal law—Justices' courts—Jury trial—Waiver.*

A respondent has the right under How. Stat. §§ 7097, 7099, to be tried, for an offense cognizable by a justice of the peace, by a jury, or by the justice without a jury, as he may elect.

*Certiorari* to Ionia.    (Smith, J.)    Submitted on briefs November 17, 1892.    Decided December 24, 1892.

Respondent was convicted in justice's court of the crime of larceny, which conviction was affirmed in the circuit court on *certiorari.*    Conviction reversed, and respondent discharged.    The facts are stated in the opinion.

*Geo. E. Nichols* and *F. C. Miller,* for respondent.

*A. A. Ellis,* Attorney General, and *F. D. M. Davis,* Prosecuting Attorney, for the people.

GRANT, J.    The respondent was convicted in justice's court of the larceny of property of the value of $3.    He waived a trial by jury, and demanded to be tried by the court without a jury.    The court, against his protest, ordered a jury.    The sole question is whether respondent possessed the right, under our statutes, to choose the mode of trial.

The statute provides that, if no jury be demanded by

the accused, the court shall proceed to try the issue. How. Stat. § 7097. It also provides that, if "the accused shall not have waived his right to a trial by jury," a jury shall be summoned. 3 How. Stat. § 7099. Justices of the peace have such criminal jurisdiction as is prescribed by the Legislature. Const. art. 6, § 18. The statute clearly gives the accused his choice of the two modes. This is a substantial right, and we do not think that the court can deprive him of it.

While this precise point was not before the Court in *Ward v. People,* 30 Mich. 116, yet the general right of accused persons under this statute was before it, and we think the Court intended to and did settle the right of accused persons under the Constitution and the statute. The Court said:

"The law secures to him the right of being tried in either way, as he may prefer, and  *  *  *  he may sometimes prefer to be tried by the court without a jury."

Express authority is conferred upon circuit courts to order a jury in civil cases, though no jury be demanded. How. Stat. § 6485. But no such authority is conferred upon justices of the peace, either in civil or criminal cases.

In *City of Grand Rapids v. Bateman,* 93 Mich. 135, the superior court of Grand Rapids ordered a jury, notwithstanding the respondent was willing to be tried by the court; but there was no statute which gave to him the right to be tried in the manner he chose, as in the present case, and the statute was there cited conferring upon the court the authority to order a jury.

Judgment reversed, and prisoner discharged.

The other Justices concurred.