### CADY v. ST. CLAIR CIRCUIT JUDGE.

BASTARDY—NATURE OF PROCEEDING — PRIVILEGE FROM ARREST. Bastardy proceedings are so far of a criminal nature that a person who is within the State only for the purpose of putting in special bail in an action in which he was arrested on a capias is not privileged from arrest on a charge of bastardy.

Mandamus by Burt D. Cady, prosecuting attorney, to compel Eugene F. Law, circuit judge, of St. Clair county, to vacate an order discharging a prisoner from arrest. Submitted February 14, 1905. (Calendar No. 20,909.) Writ granted April 4, 1905.

*Burt D. Cady*, in pro. per.

*Moore & Brown*, for respondent.

OSTRANDER, J. On the application of the petitioner, the prosecuting attorney of St. Clair county, for a manda-

mus, an order to show cause was granted, the return of respondent has been filed, and the matter stands upon the petition and answer.

The facts, briefly stated, are as follows: Norris C. Peterson is a resident of Sarnia, in the province of Ontario. He was arrested on November 15, 1904, at Port Huron, by the sheriff of St. Clair county, upon a writ of capias ad respondendum sued out of the circuit court for that county. The writ was indorsed with an order, made by the circuit judge, that the defendant be held to bail by the sheriff in the sum of $1,500. By some special arrangement he deposited $1,500 in currency on the evening of the day of his arrest with the sheriff as a guaranty for his appearance, and that he would furnish special bail on the following day which would be acceptable to the court, and thereupon the sheriff released him from custody, and he returned home. On the succeeding day, November 16th, he returned to Port Huron for the purpose, it is claimed, and the only purpose, of putting in special bail. He was arrested upon a warrant issued by a justice of the peace of Port Huron in bastardy proceedings instituted by the daughter of the plaintiff in the action first mentioned. He gave special bail in the first case, was arraigned before the magistrate in the bastardy proceedings, made no defense before the justice, and was required to and did enter into a recognizance to the satisfaction of the justice in the sum of $500 to appear at the next term of the circuit court for the county of St. Clair to abide the order of the said court, and was thereupon discharged from custody. His counsel made and entered a motion in the circuit court, based upon the affidavit of said Peterson and upon the records and files in the bastardy proceedings and in the capias suit, for an order discharging said Peterson and dismissing the bastardy proceedings, for the reason that at the time of his arrest he was in Port Huron solely for the purpose of securing his release by furnishing bail in the suit begun by capias. It is not claimed that before the justice any privilege from arrest was suggested. The respondent, the cir-

cuit judge, upon the hearing of said motion, made an order, the form of which is not before us, discharging the respondent from arrest, but refusing to dismiss the proceedings. Thereupon, on the same day, the prosecuting attorney (relator) moved the court to vacate, reverse, and set aside the order discharging Peterson from arrest, for the reason that said Peterson was not privileged from arrest at the time and under the circumstances of his arrest. The circuit judge denied this motion, and the prosecuting attorney asks that he be compelled to enter the order asked for.

We are of opinion that bastardy proceedings are so far criminal proceedings that respondent was not privileged from the arrest. It is true that such proceedings are special and statutory, and are strictly neither civil nor criminal in nature. But it is contemplated, and is essential, that control be had of the person of the respondent. A recognizance is taken as in criminal cases, and is forfeited, as in criminal cases, for nonappearance. For a failure to recognize he may be committed.

The writ will issue as prayed.

CARPENTER, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.