DAVE GRADY v. THE STATE.

No. 13913.    Delivered January 28, 1931.

The opinion states the case.

*M. M. Feagin,* of Livingston, and *Wm. McMurrey,* of Coldspring, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, JUDGE.—Violating the game law is the offense; penalty, fixed at a fine of twenty-five dollars.

The evidence heard in the trial court is not before us.

In a timely manner the appellant stated that he would waive a jury. The district attorney demanded a jury, and over his objection the appellant was tried by a jury and a verdict was rendered over his plea of not guilty. The matter is here for review by a bill of exception properly reserved. However, the matter is not an open question. The Constitution recognizes the right of one accused of a misdemeanor to waive a jury, and the statute, article 11, C. C. P., emphasizes this right. It has frequently been expressed and held that the right was one, the exercise of which it was not within the power of the court to deny. Many cases are cited in Branch's Ann. Tex. P. C., p. 271, sec. 525, including Moore v. State, 22 Texas App., 117, 2 S. W., 634, 636. In the case mentioned, Presiding Judge White, writing the opinion of the court, said:

"His right to such mode of trial is a personal privilege and right, and inasmuch as it is directly and expressly accorded him by law, we do not see how he can be deprived of the same or be refused it when it is demanded by him, any more than he can be deprived of any other valuable right or privilege accorded by law. The right to be tried by the court alone may be as invaluable, in the opinion of defendants in some misdemeanors and under some circumstances as is the trial by jury in lower grades of felony."

Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*