*240
 
 Jones, J.
 

 The defendant in error was indicted and convicted of murder in the first degree and sentenced to be electrocuted. Did the trial court, under the circumstances disclosed by this record, commit error in requiring the defendant to proceed to trial for the crime charged, after refusing defendant’s application waiving a jury and electing to be tried by the judge under the provisions of Sections 13442-4 and 13442-5, General Code (113 Ohio Laws, 179)?
 

 Those two sections were embodied in the same legislative act, both becoming effective July 21,1929. Because of their vital importance, we quote them, italicizing their controlling phrases. The preceding section, 13442-4, General Code, provides that “in all criminal cases pending in courts of record in this state, the defendant shall have the right to waive a trial by jury, and may, if he so elect, be tried by the court without a jury.” However the more important and significant section is the one immediately following, to wit, Section 13442-5, General Code: ‘ ‘ In any case where a defendant waives his right to trial by jury and elects to be tried by the judge of such court as provided in the next preceding section, any judge of the court in which such cause is pending shall have jurisdiction to proceed with the trial of said cause, and
 
 shall proceed to hear, try and determine such cause in accordance with the rules and in lihe manner as if such cause were being tried before a jury.”
 
 (Italics ours.)
 

 There is no ambiguity in that language, nor is there any discretion given thereby to the trial judge. By its express terms jurisdiction has been conferred upon the judge to hear the criminal case in the event
 
 *241
 
 of the defendant’s waiver and election to be tried by the judge. It explicitly provides that the judge
 
 “shall proceed to hear, try and determine such cause”
 
 in like manner as if it were being tided by a jury. The jurisdiction of the trial judge, conferred by the Constitution, is that fixed by law. Article IY, Section 4. By the foregoing sections his jurisdiction has been definitely fixed by the Legislature. The definition and punishment of crimes and the method of criminal procedure are those and only those sanctioned by the state, and are embodied in its criminal legislation. Since the judge had only such jurisdiction as given him by law, he was required to follow the mandate of the statute.
 

 The prosecutor contends that the foregoing sections are merely directory, and that the court may or may not use its discretion in accepting the waiver of the accused. Said sections are mandatory and do not confer power on the court to reject the waiver, unless suggestion of present insanity is made by counsel for the accused, or unless “it otherwise comes to the notice of the court” under the provisions of Section 13441-1, General Code (113 Ohio Laws, 177). Since the court refused to accept the waiver of the defendant, and placed the accused on trial for the crime charged, we shall later indicate the proper procedure to be followed in case said suggestion of his then insanity be properly made or notice thereof be acquired by the court. And it is well to note that all the sections referred to herein, relating to waiver of jury and trial of insanity in criminal proceedings, were passed and became effective at the same time, and being
 
 in pari materia
 
 should be construed together.
 

 
 *242
 
 Section 13440-2, General Code (113 Ohio Laws, 175), provides for five grounds of plea, among which are the pleas of “not guilty” and “not guilty by reason of insanity.” The latter, if made by the accused, connotes a plea of not guilty by reason of
 
 insanity at the time of the commission of the crime.
 
 But whichever of those two pleas may have been offered under that section, the section of the Criminal Code above quoted applies to every plea of not guilty “in all criminal cases pending in courts of record in this state. ’ ’ If the only issue to. be heard is insanity at the time of trial, if “before or after trial” it be suggested by counsel for the accused, or “if it otherwise comes to the notice of the court” that the accused is not then sane, the court or jury must first • determine that issue under Section 13441-1, General Code; and it must be tried before the accused is placed on trial for the offense. The statute expressly requires it.
 
 Evans
 
 v.
 
 State, ante,
 
 132, 174 N. E., 348. This procedure is recognized in the syllabus and opinion in the
 
 Evans case,
 
 wherein the opinion states: “If insanity does exist, certainly the inquiry should if possible take )place before completing the costly and intricate proceedings of a criminal trial such as this, which was a capital case. ’ ’ The syllabus in
 
 Evans
 
 v.
 
 State
 
 reads as follows: “Under Section 13441-1, General Code, if during the trial it comes to the notice of the court that a person accused of crime whose trial upon such charge is pending in the court of common pleas is not then sane, the court is required either forthwith to proceed to examine into the question of the sanity or insanity of such defendant, or to impanel a jury for such purpose.” If upon arraignment and plea,
 
 *243
 
 the court regarded the representations of counsel for the accused, including those touching his mental age, as a suggestion or notice of present insanity, its course was charted by Section 13441-1, General Code, and by the decision in the
 
 Evans case, supra.
 
 But if the court did not so regard them, if they did not amount to suggestion or notice of insanity, its course was charted by Section 13442-4, General Code, giving the accused the right to waive a jury. In deciding this case, we need not decide whether all of the representations made by counsel for the accused constituted suggestions of his present insanity; for, if they did, that issue should be first tried; if they did not, like any other accused, the defendant was entitled to his waiver. Viewed in either aspect, the trial court committed error.
 

 The error committed by the court in this case was similar to that committed in the
 
 Evans case, supra.
 
 In both cases it was claimed that notice of insanity came to the court; in both cases, instead of hearing the insanity issue alone, the question of the defendant’s guilt was submitted to the jury; and in both cases the accused was found guilty and sentenced to death. The orderly and mandatory provisions of law should be complied with in such cases. Under Section 13441-1, General Code (113 Ohio Laws, 177), upon suggestion of or notice of insanity, the court or jury “shall proceed to examine into the question of the sanity or insanity” of the accused. Under the following Section, 13441-2, if upon the issue of insanity the accused is found insane, he is to be sent to an insane hospital; if found sane, “he shall be proceeded against as provided by law.” The accused, in the latter event, occupies the same plane
 
 *244
 
 and is restored to the same rights that any other accused person would have respecting his right to waive a jury and his election to be tried by the court under the provisions of Section 13442-4, General Code. Having been found sane, he can exercise his waiver of a jury and elect to be tried by the court. This right is conferred by Section 13441-2, where, after a finding of sanity, the accused
 
 “shall be proceeded against as provided by law.”
 
 He is thereby given the right of waiver and election; otherwise he would be subjected to discrimination, by being denied a privilege which is accorded to all other sane persons.
 

 It is urged by the prosecution that if the defendant was insane he could not waive, that the court rightly refused to permit the accused to waive a jury on the ground that he was insane, or unable to appreciate the consequences of such waiver, and that, if the accused was actually insane at the time of the waiver, the waiver would be null and void. Granted. But if he was so insane as not to be able to appreciate the possible consequences of his act, then it follows, of course, the accused should not have been placed on trial; if he was incapable of waiving a jury, he likewise would be incapable of making his plea, or of being a witness, or of assisting his counsel in the conduct of a case upon the result of which his life depended.
 

 Here important rights affecting life and liberty were conferred upon the defendant by the Legislature ; these rights include the right to waive a jury trial, the right of his election to be tried by the court, and the right to be heard upon the question
 
 *245
 
 of his present sanity, before embarking upon the trial of the offense charged.
 

 The record discloses that, at the time of arraignment, counsel for the defendant advised the court “that they expected to show by alienists or other experts that this defendant, Tilby Smith, had the * * * mental capacity of an eight and one-half year old child.” These alienists included Dr. Henry H. Goddard; who is a noted author upon the subject of the feeble-minded and known as an eminent psycho clinician of national repute; also Drs. Tierney, Karnosh, and other specialists. Counsel for defendant expected to rely upon the testimony of those alienists. The record further discloses that in waiving a jury the defendant sought a trial by a “judge of education, knowledge and learning,” better enabled to weigh the evidence of such experts, and better enabled to adjudge the offense, or ascertain its degree, than a jury of laymen would be. Moreover the jury recommended no mercy. In electing to be tried by the judge, the defendant and his counsel may have anticipated such result at the hands of the jury, and, for that reason, may have concluded to be tried by the judge, who, more learned in the law and less liable to be influenced by passion, would extend that mercy which the jury might, and, as it afterwards proved, did, deny.
 

 The trial court based its decision refusing the waiver upon the case of
 
 State
 
 v.
 
 Ferranto,
 
 112 Ohio St., 667, 148 N. E., 362. That case is not germane. There the trial court followed the mandate of the statute then in force (Section 13692, General Code, now Section 13448-2), requiring him to determine the degree of the offense; and this court decided
 
 *246
 
 that there was no abuse of discretion in permitting the defendant, before the cause was submitted to the jury, to withdraw his plea of “not guilty” and thereafter enter his plea of “guilty,” thus permitting the court to hear and determine the degree of the crime under a statute expressly providing that procedure. The waiver of jury statute was not in existence when the
 
 Ferranto case
 
 was decided.
 

 Since Sections 13442-4 and 13442-5 confer jurisdiction upon the trial court to hear the cause, and also confer upon the defendant, by clear and unambiguous terms, his right to waive a jury and to elect to be tried by the judge, it follows that the waiver of jury statute should be sustained and the conviction set aside, unless the statute is constitutionally invalid, and this feature has been discussed in the brief of counsel. Sections 5 and 10 of the Ohio Bill of Bights have been alluded to. These sections, however, merely preserve inviolate the constitutional right of the defendant to a jury trial. Whatever may be the divergence of authority in other jurisdictions relating to such inviolability, depending in the main upon the language of the Constitution and laws pertaining to waiver in such jurisdictions, we think that in Ohio this question has been definitely settled. In the early case of
 
 Dailey
 
 v.
 
 State,
 
 4 Ohio St., 57, a defendant was found guilty by the court and sentenced to fine and imprisonment under a statute providing that the court should try the defendant under his plea of not guilty, where a jury had not been demanded. In the course of a short opinion, and dealing with the two sections of the Ohio Constitution alluded to, the judge said: “Does this act in any sense interfere with the right
 
 *247
 
 of trial by a jury? If the act had provided, in express terms, that the accused might have his own choice of two modes of trial, either by the court or jury, as he might think proper, and if he supposed the court the safer mode of trial, should expressly waive his right of trial by jury, and request that the court should try the issue, it would be hard to see how his right of trial by a jury was violated. The provision of the constitution was intended to limit the power of the legislature in this particular, and prohibit it from depriving the accused of the right to have a jury of twelve impartial men to pass on his guilt or innocence. That right still exists; all he has to do is to demand a jury trial, and the law awards it to him; but if he will not demand such trial, then the law authorizes the judge to try the issue. The law says to the accused, in language which cannot be misunderstood, ‘if you wish to exercise your right to' a jury trial, your right cannot be violated; but if you would rather not be tried by a jury, you can waive that right, and be tried by the court.’ ”
 

 About a year later, in the case of
 
 Dillingham
 
 v.
 
 State,
 
 5 Ohio St., 280, this court held that giving an option to a defendant to be tried by court or jury did not infringe the defendant’s constitutional right of trial by jury, and the syllabus reads: “Constitutional right of trial by jury is not infringed, when the option is given to the accused to have the issue tried by the court or the jury, and he submits the cause to the court.”
 

 Were there no statutory provision conferring the right upon a defendant to waive a jury and be tried by the court, a different situation would be pre
 
 *248
 
 sented. But, where the state law confers that right, as it has here, it cannot be successfully claimed that the prosecution or the court may ignore the law. The distinction between permitting a waiver with or without a law providing therefor is recognized by Judge Ranney in
 
 Dillinghaan
 
 v.
 
 State, supra,
 
 where he says, at page 283: “It is only necessary to add, that the expression of opinion in several cases under the former constitution arose, not from any supposed infringement of the constitutional right, but because no law then existed conferring upon the court the power to try the issue upon the plea of not guilty.”
 

 The federal decisions are of similar import. In
 
 Hallinger
 
 v.
 
 Davis,
 
 146 U. S., 314, 318, 13 S. Ct., 105, 106, 36 L. Ed., 986, Mr. Justice Shiras said, in the course of his opinion: “Upon the question of the right of one charged with crime to waive a trial by jury, and elect to be tried by the court, when there is a positive legislative enactment, giving the right so to do, and conferring power on the court to try the accused in such a case, there are numerous decisions by state courts upholding the validity of such proceeding” — citing Ohio and other authorities. And in
 
 In re Belt,
 
 159 U. S., 95, 99, 15 S. Ct., 987, 40 L. Ed., 88, Mr. Chief Justice Fuller, writing the opinion, approved the principle announced in the
 
 Eallinger case, supra,
 
 citing the same and additional authorities. And we see no difference in principle between waiving the right of trial by a fully impaneled jury and waiving a right to be tried by a jury of less than twelve.
 
 State, ex rel. Warner,
 
 v.
 
 Baer,
 
 103 Ohio St., 585, 134 N. E., 786. However, the instant case is much stronger in point, because
 
 *249
 
 here the right to waiver is expressly conferred by law.
 

 We are therefore of the opinion that the judgment of the Court of Appeals, reversing the trial court and remanding the cause for further proceedings according to law, should be affirmed.
 

 Judgment affirmed.
 

 Matthias, Day, Allen and Kinkade, JJ., concur.
 

 Robinson, J., concurs in the syllabus and in the judgment.
 

 Marshall, C. J., dissents.