## PEOPLE *v.* MARTIN.

1. CERTIORARI—BASTARDY—APPEAL AND ERROR.

   Judgment in bastardy proceeding is reviewable only by certiorari.

2. SAME—QUESTIONS REVIEWABLE.

   On review by certiorari Supreme Court considers only errors of· law.

3. BASTARDY.

   Sole question in bastardy proceeding is whether defendant is guilty.

4. SAME—TRIAL—SPECIAL QUESTIONS.

   Special questions may not be submitted to jury in bastardy proceeding unless they involve facts from which legal conclusions can be drawn.

5. CRIMINAL LAW—RIGHT TO WAIVE JURY TRIAL.

   Under 3 Comp. Laws 1929, § 17131, defendants in criminal cases, whether cognizable by justices of peace or otherwise, have right to waive jury trial.

6. BASTARDY—QUASI-CRIMINAL—JURISDICTION.

   Bastardy proceeding is somewhat anomalous, being of civil nature in many respects, yet coming within *quasi*-criminal jurisdiction of courts.

7. SAME—RIGHT TO WAIVE JURY TRIAL.

   In bastardy proceeding, trial court was in error in denying defendant right to trial without jury, where written waiver was filed (3 Comp. Laws 1929, § 17131).

Certiorari to Wayne; McMahon (Maurice), J. Submitted June 11, 1931. (Docket No. 126, Calendar No. 35,339.) Decided December 8, 1931.

William Martin was convicted of bastardy. Defendant reviews denial of new trial by certiorari. Reversed, and new trial ordered.

*Griffin, Heal & Emery,* for appellant.

*Paul W. Voorhies,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, and *William C. Buckingham,* Assistant Prosecuting Attorney, for the people.

BUTZEL, C. J.   William Martin, defendant, appeals from a judgment of conviction in a bastardy proceeding.   We need only briefly review the testimony.   Ramona Segnitz, prosecutrix, claims she was begotten of child by him on or about April 3, 1929.   She testified that her menstrual periods were interrupted after March, 1929; that she did not know her condition until the day preceding the birth of her child; that she had improper relations with defendant only once and with no one else at any time; that a number of weeks elapsed after she first met defendant before the act occurred; that a normal nine-months child was born to her on January 6, 1930.

Defendant denied improper relations, and offered proofs tending to show that he first met prosecutrix on April 21, 1929.   As she testified that the act did not occur until a number of weeks after she first met him, the question arises whether a normal nine-months child was the result of an act committed about the middle of May, 1929.   Both defendant and prosecutrix had always borne excellent reputations.

A judgment in a bastardy proceeding is only reviewable by certiorari. *People* v. *Brannen,* 173 Mich. 411.   Upon certiorari we are not permitted to consider any other errors than those of law.   We shall only discuss questions that may arise again on a new trial.

Error is claimed because the court refused the submission of two special questions: one, whether a

normal nine-months child was born after a normal period of gestation, and the other, whether defendant met prosecutrix prior to April 21, 1929. The sole question in a bastardy proceeding is whether the defendant is guilty or not. Special questions may not be submitted unless they involve facts from which legal conclusions can be drawn. *People* v. *White,* 53 Mich. 537. The court was correct in refusing to submit the special questions.

Under 3 Comp. Laws 1929, § 17131, defendants in criminal cases, whether cognizable by justices of the peace or otherwise, have the right to waive a jury trial. The court denied defendant the right of trial without a jury notwithstanding the filing of a written waiver. A bastardy proceeding is somewhat anomalous. It is of a civil nature in many respects. Extradition cannot be had (*Frank Cannon's Case,* 47 Mich. 481); defendant need only be found guilty by a preponderance of evidence (*Semon* v. *People,* 42 Mich. 141); detention pending the furnishing of a bond cannot be had in the house of correction as the detention is not criminal (*In re Kaminsky,* 70 Mich. 653); the complaining witness may retain counsel to aid in the prosecution (*Harley* v. *Judge,* 140 Mich. 642). See, also, *People* v. *Harty,* 49 Mich. 490; *People* v. *Gill,* 247 Mich. 479; *People* v. *White, supra.*

On the other hand, 3 Comp. Laws 1929, § 12914, provides that the defendant should be committed to prison until he gives bond in the event that he is found guilty, a complaint is used instead of a declaration, and defendant is arrested (*Pangborn* v. *Smith,* 65 Mich. 1); the defendant can be arrested and jailed even in a situation where he would be entitled to immunity from service in a civil action (*Cady* v. *St. Clair Circuit Judge,* 139 Mich. 618);

the proceedings come within the *quasi*-criminal jurisdiction of the courts (*People* v. *Phalen*, 49 Mich. 492); the Detroit police court has jurisdiction to hear a bastardy complaint and to bind the defendant over to the circuit court (*People* v. *Kaminsky*, 73 Mich. 637).

We can readily see how testimony in a bastardy proceeding may be much more carefully reviewed and analyzed by a judge than by a jury. Frequently in a proceeding of this nature the jury may be somewhat swayed by their emotions and sympathies so as to overlook the important testimony bearing upon the main issue of the case. We believe that 3 Comp. Laws 1929, § 17131, is broad enough so as to include *quasi*-criminal cases, and that defendant was entitled to a trial without a jury. For this reason the judgment of the lower court is reversed, and a new trial ordered.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.