**RALEIGH JONES v. STATE OF FLORIDA**

20 So. (2nd) 901                    January Term, 1945
February 16, 1945                         Division A

*Scruggs & Carmichael,* for appellant.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for appellee.

BUFORD, J.:

Appellant was informed against under an information in two counts. He was acquitted on the first count and convicted on the second count, which is as follows:

"And the State Attorney aforesaid, under oath, further information makes that Raleigh Jones of the County of Levy and State of Florida, on the 3rd day of April A. D. 1944, in the County of Levy and State of Florida, did then and there willfully and maliciously kill a steer, a better and more particular description being to the State attorney unknown, of the property, goods and chattels of a person or persons unknown, by shooting the said steer with a rifle. Against the form of the statute in such cases made and provided, to the evil example of all others in the like case offending and against the peace and dignity of the State of Florida."

There was a motion to quash the second count of the information, inter alia, on the ground that "said count fails to charge this defendant with any offense under the laws of the State of Florida." The charge in the information was attempted under Sec. 828.07 Fla. Statutes 1941 (same F.S.A.), which is as follows:

"828.07. Maliciously Killing Animal of Another.—Whoever willfully and maliciously kills, maims or disfigures any horse, cattle or other beast of another person, or willfully and maliciously administers poison to any such beasts, or exposes any poisonous substance with intent that the same shall be taken and swallowed by them, shall be punished by imprisonment in the State prison not exceeding five years, or in the county jail not exceeding twelve months, or by fine not exceeding one thousand dollars."

A necessary element of the crime denounced by this statute is that the animal must be the property "of another person." The information failed to charge this necessary element of the offense. It will be observed that this count of

the information did charge that the animal was "of the property, goods and chattels of a person or persons unknown."

We do not hold that it was necessary for the information to aver the name of the owner. It is sufficient if the information states the name of the owner or that the owner is unknown. Pippin, et al., v. State, 102 Fla. 1134, 136 So. 883; Wharton's Criminal Law, 12th ed. Vol. 2, page 1503, Sec. 1190. See also 3 C. J. 169, Sec. 558 and authorities there cited. But, under a statute such as this, if the owner is not named then it is necessary to aver that the animal referred to was the property of a person other than the accused, though the identity of such owner may be alleged to be unknown.

Another point which has been presented by the appellant is that when the case was called for trial the accused, through his counsel in open court, announced that he would waive trial by jury and submit himself to trial by the circuit judge. The circuit judge declined to allow him to do this and required him to go to trial before a jury.

Section 912.01 Fla. Statutes 1941 (same F.S.A.) provides that the trial by jury may be waived by the defendant and prescribes the manner in which such waiver shall be made. The waiver in this case was not made in conformity with the statute, but we think the procedure which was followed was sufficient to have constituted a lawful waiver, had the trial court seen fit to assume the responsibility of trying the case without a jury.

We find nothing in our statutes which requires trial courts to dispense with a jury where the same is waived, or offered to be waived, by a defendant on trial. The law in this regard appears to be stated in 31 Am. Juris. page 592, Sec. 49, as follows:

"Withdrawal and Disregard of Waiver.—The general rule is that a court may permit the withdrawal of a waiver of the right to trial by jury or, on motion or request, set aside such a waiver, unless it has been acted upon. It is also the rule that notwithstanding a waiver of a jury trial by the parties, the court may disregard it and require the issues to be submitted to a jury. However, a waiver by the accused in a

criminal case, of the right to trial by jury, cannot be withdrawn after the state has rested its case." . . . See also Wittenberg v. Onsgard, 78 Minn. 342, 81 N.W. 14, 47 L.R.A. 131, and 35 C. J. 222, Sec. 139.

The case of Zellers v. State, 138 Fla. 158, 189 So. 236, does not control the question here involved. In that case we merely held that if a defendant has been properly charged with the commission of a felony he may enter a plea of not guilty, waive trial by jury, and permit the court to pass upon his guilt or innocence. In that opinion we quoted at length from the opinion by Mr. Justice SUTHERLAND in Patton v. U. S., 74 L. ed. 854, 181 U. S. 276, wherein the writer said:

"Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from the mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity."

We have examined the record and find no other reversible error but must reverse the judgment and remand the cause for further proceedings because of the infirmity appearing in that count of the information under which the conviction was had.

It is so ordered.

Reversed.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.