STATE of North Dakota, Plaintiff and
Respondent,

v.

Samuel C. Parker PANDOLFO, Jr., Defend-
ant and Appellant.

Cr. No. 292.

Supreme Court of North Dakota.

Aug. 31, 1959.

Leslie R. Burgum, Atty. Gen., William S. Murray, Sp. Asst. Atty. Gen., and Francis Breidenbach, Asst. Atty. Gen., for plaintiff and respondent.

E. J. McIlraith, Minot, and William R. Mills, Bismarck, for defendant and appellant.

MORRIS, Judge.

This is a criminal action. The defendant was found guilty by a jury of knowingly subscribing to or making or causing to be made material false statements and representations in the application of Universal Securities, Inc. to the Commissioner of Securities of the State of North Dakota for registration as a dealer under the provisions of Section 10–0410 and Subsection 1, Section 10–0415 1957 Supplement to NDRC 1943. The first section above mentioned requires dealers or salesmen, as a prerequisite to the sale of securities by them, to be registered with the Commissioner. The application for registration must contain certain specified information, including:

"Whether applicant or any officer, director, partner, member, trustee, or manager of the applicant, has ever been convicted of a felony or any misdemeanor of which fraud is an essential element, and, if so, all pertinent information with respect to any such conviction."

The defendant executed an application in behalf of Universal Securities, Inc. That application contained this query and answer:

"11. Has applicant or any officer, director, partner, member, trustee or manager of the applicant ever been convicted of a felony or any misdemeanor of which fraud is an essential element? *Yes.* If so, attach a rider marked 'Item 11' giving all pertinent information with respect to any such conviction."

The defendant caused to be attached to the application a sheet as an exhibit bearing this statement:

"Number 11—of Application for Registration as Dealer Under Section 10 of the Securities Act of 1951

"Sam Parker Pandolfo

"In 1937 he represented the Tri Base of Montana Refining Co. and was selling lubricating oil to dealers and individuals under a remarketing pooling agreement. He made sales in various states and the sales agreement was construed as a security by the U. S. Securities and Exchange Commission of Seattle in as much as it called for future delivery of merchandise. He was indicted and he plead guilty along with six other salesmen. He was sentenced to six months in a Road Camp for failure to register under the SEC Act. He was not a principal officer or organizer of the company and was merely a salesman on a commission basis selling lubricating oil. Fraud was not an essential element in this matter, but applicant

wishes to disclose all facts to the commissioner. S.P.P."

The crime charged is a misdemeanor. A judgment of conviction was entered pursuant to the verdict of the jury and the defendant sentenced to pay a fine of $500. The defendant made a motion for a new trial which was denied. He has appealed from both the judgment and the order denying his motion.

The defendant has specified as error on this appeal the denial of his motion for new trial and various alleged errors which he assigned in connection with that motion. The first error claimed is that the court refused to try the case without a jury and proceeded to try it to a jury after both the prosecution and defendant had waived a jury trial and the defendant asked that the case be tried to the court.

In Article I, Section 7 of the North Dakota Constitution we find that:

"The right of trial by jury shall be secured to all, and remain inviolate;"

Section 29–1602 NDRC 1943 provides that:

"In any case, whether a misdemeanor or felony, a trial jury may be waived by the consent of the defendant and the state's attorney expressed in open court and entered on the minutes of the court. Otherwise, the issues of fact must be tried by the jury."

This court has said:

"The constitutional provision, preserving the right of trial by jury is a guaranty to the accused of a trial by a constitutional jury which the accused may affirmatively waive by the consent of the state's counsel and the sanction of the court." In re Kortgaard, 66 N.D. 555, 267 N.W. 438, 439, 105 A.L.R. 1107.

The defendant contends that in addition to the privilege of waiving a jury, Section 29–1602 NDRC 1943 inferentially at least gives him the right to be tried by the court

which is a valuable right that cannot be taken from him by the court.

In some states where statutes specifically so provide a defendant is afforded the right to elect whether he will be tried by the court or by a jury. In People v. Steele, 94 Mich. 437, 54 N.W. 171, the court said:

"The sole question is whether the respondent possessed the right, under our statutes, to choose the mode of trial. The statute provides that, if no jury be demanded by the accused, the court shall proceed to try the issue. * * * The statute clearly gives the accused his choice of the two modes. This is a substantial right, and we do not think that the court can deprive him of it."

In People v. Martin, 256 Mich. 33, 239 N. W. 341, it was held reversible error to deny the defendant a trial without a jury where the applicable statute gave him the right to elect to be tried before the court without a jury.

In Mickens v. Commonwealth, 178 Va. 273, 16 S.E.2d 641, it was held that the language of the constitution providing that in case of waiver of a jury trial the court shall try the case is mandatory.

In People v. Spegal, 5 Ill.2d 211, 125 N.E. 2d 468, 471, 51 A.L.R.2d 1337, the defendant pleaded not guilty to a charge of murder. The defendant waived a jury and twice made motions to be tried by the court without a jury which were denied although the prosecution interposed no objections. It was held that the trial court erred in denying the motions in view of the 1941 amendment to the criminal code of the State of Illinois, Ill.Rev.Stat.1953, c. 38, § 736, which provided that:

" 'in any case where the defendant pleads guilty or waives a jury, the cause shall be heard and determined by the court without a jury,' "

All of the foregoing cases appear to be based upon some constitutional or statutory provision which in addition to permitting the defendant to waive a jury directs the court to try the case without a jury.

Grady v. State, 117 Tex.Cr.R. 115, 35 S.W.2d 158, is the only case we have found holding, in the absence of a statutory or constitutional provision specifically making it the duty of the court to try a criminal case upon waiver of a jury by the defendant, that it is error for the court to submit the case to a jury after the defendant has pleaded not guilty and waived a jury.

In 31 Am.Jur., Jury, Sec. 52 appears a discussion of the necessity of the consent of the prosecution to an effective waiver of a jury trial by the defendant, following which it is said:

"There are, however, decisions holding a waiver by the defendant of the right to jury trial to be binding upon the state and the court, but it seems that such decisions for the most part have involved the interpretation of specific statutes."

In 50 C.J.S. Juries § 111, it is said:

"In the absence of constitutional or statutory inhibition, the waiver of a jury trial in a criminal prosecution does not prevent the court from submitting the case to a jury, especially where the prosecution fails or refuses to consent to a trial by the court. Where, however, the constitution or statutes require that accused on waiving a jury trial shall be tried by the court alone, the court may not submit the case to a jury."

■ This court has repeatedly defined waiver as "the voluntary and intentional relinquishment or abandonment of a known existing right, advantage, benefit, claim or privilege which except for such waiver the party would have enjoyed." Meyer v. National Fire Insurance Co., 67 N.D. 77, 269 N.W. 845; Sjoberg v. State Automobile Insurance Ass'n, 78 N.D. 179, 48 N.W.

2d 452; Kessler v. Thompson, N.D., 75 N.W.2d 172. While the above citations are to civil cases substantially the same definition is applicable to a waiver by defendant in a criminal action. See Wharton's Criminal Law and Procedure, Anderson, Sec. 1951. The waiver of a right is its intentional relinquishment and does not ordinarily imply the acquisition of a substitute or reciprocal right and in the absence of a statute indicating that such a further right is acquired the effect of a waiver is relinquishment and not substitution. A constitutional or statutory provision giving a defendant the privilege of waiving trial by judy does not imply that by such waiver he becomes entitled as a matter of right to another mode of trial.

People v. Scornavache, 347 Ill. 403, 179 N.E. 909, 914, 79 A.L.R. 553, was decided prior to the enactment of the 1941 amendment to the Illinois Criminal Code noted in our discussion of People v. Spegal, supra. In the Scornavache case the court said:

"The right to a jury trial is not the right to be tried without a jury. The waiver of the accused is, as the term indicates, a relinquishment of the right, and is, in effect, a declaration that he is willing that the court try the issue of fact. From what has been said it must be apparent that, in the absence of constitutional or statutory inhibition, the court has the power, and upon objection by the people it is its duty, to submit the issues of fact in a criminal case to a jury, notwithstanding a waiver of jury trial by the accused."

In People v. Eubanks, 7 Cal.App.2d 588, 45 P.2d 789, the court had before it the same situation that is presented here. The defendant's attorney stated that the defendant desired to waive trial by jury. The district attorney stated he was willing to waive a jury. The court said:

"I think I will order a jury. I will order a jury, even though you are willing to waive it."

Under Article I, Section 7 of the California Constitution, West's Ann.:

"A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel. * * *"

In sustaining the trial court the appellate court said:

"While a defendant charged with felony has a constitutional right to trial by jury, it does not follow that he has a constitutional right to be tried by the court without a jury. In the absence of authority to the contrary, we are of the opinion that the provision of the Constitution for waiver of jury trial does not take away from the trial court its power to require that the cause be tried by jury. See Regina v. Brewster, 2 Territories Law (Canada) 353."

In paragraph 1 of the syllabus by the court in Palmer v. State, 195 Ga. 661, 25 S.E.2d 295, 296, it is said:

"A defendant who is charged with a felony, and upon the call of his case for trial files a written waiver of his right for a jury trial and demands that he be tried by the court without a jury, can not compel the court to so try him, and it is not error for the court to overrule such demand."

To the same effect are Jones v. State, 155 Fla. 558, 20 So.2d 901 and Mitchell v. State, 233 Ind. 16, 115 N.E.2d 595. An extensive note entitled "Right of accused to insist, over objection of prosecution or court, upon trial by court without a jury" appears in 51 A.L.R.2d page 1346.

■ The weight of both authority and reason impels us to hold that the trial court did not err in denying the defendant's request that the case be tried to the court after both the defendant and the state's attorney had waived a jury trial in open court.

A group of specifications of error may be summarized by stating that the defendant

contends that the court erred in taking judicial notice of certain laws of the United States of America and the State of Colorado at the request of the prosecution and in instructing the jury with respect to those laws without notice having been given in compliance with Section 31–1004 NDRC 1943. This section reads as follows:

"Any party may present to the trial court any admissible evidence of the laws in another jurisdiction, but, to enable a party to offer evidence of such laws or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise."

The transcript shows that the prosecution offered in evidence an authenticated copy of a judgment of the United States District Court for the District of Montana convicting the defendant of certain violations of the Securities Act of 1933, 15 U.S.C.A. § 77a et seq., and Section 88, Title 18 U.S.C.[1] and an authenticated record in the District Court of the City and County of Denver in the State of Colorado showing the defendant's plea of guilty and sentence for the commission of the crime of "conspiracy to obtain money, by means of false pretenses." These records were introduced in support of the prosecution's contention that these convictions were not revealed by defendant's answer to Item 11 of the application upon which the prosecution was based and in support of the prosecution's further contention that fraud is an essential element of these crimes. When the court was asked to take judicial notice of certain statutes of the State of Colorado and of the United States of America the then attorney for the defendant made this objection:

"To which we object in view of the fact many of these statutes were not even in effect at the time that the court would need information as to what the law was."

It is not contended that the objection so stated was valid. No objection was made that notice had not been given pursuant to Section 31–1004 NDRC 1943. The record does not disclose that any such objection was ever raised during the course of the trial. The first time that the failure to serve such a notice is mentioned is in the specifications of error served with defendant's motion for a new trial. It does not appear that the court made any ruling or statement with respect to judicial notice at the time the request was made.

Near the close of the trial the court submitted proposed written instructions to the attorneys. The proposed instructions contained this statement:

"The court has taken judicial notice of the laws of Colorado in respect to said matter and instructs the jury that the offense mentioned in said Exhibit 4, if committed by the defendant, was a crime or misdemeanor of which fraud was an essential element as defined in subdivision K of the North Dakota law above quoted."

Defendant's attorney stated to the court:

"Now we object to that instruction because that is not the law, in our opinion. Also, that it is highly prejudicial. Also, that the law that was cited may not have been the law that was in effect at the time—the law of which the court took judicial notice may not have been the law in effect at the time of the Colorado conviction."

Here again we see that if it be the fact (which the record does not clearly disclose) that no notice was given with respect to the prosecution's request for judicial notice no question was raised at the trial as to the absence of such request.

■■ It is the general rule that a party is not entitled as a matter of right to raise for the first time on a motion for new trial questions of law that could have been raised

[1]. Now 18 U.S.C.A. § 371.

at the trial by timely objection. In other words a party may not persist in an objection made for the first time on a motion for a new trial. 39 Am.Jur., New Trial, Sec. 115; 66 C.J.S. New Trial § 46. This rule is applicable in criminal cases. People v. Falkovitch, 280 Ill. 321, 117 N.E. 398, Ann. Cas.1918B, 1077; Commonwealth v. Polian, 288 Mass. 494, 193 N.E. 68, 96 A.L.R. 615. The defendant not having raised at the trial the alleged failure of the prosecution to give the defendant notice of its intention to ask the court to take judicial notice of certain statutes cannot urge that failure in support of his contention in this court that the trial court erred in refusing to grant him a new trial.

 The defendant specifies as error the admission in evidence of a photographic copy of the original application of Universal Securities, Inc. which we have heretofore described in considerable detail. This copy is known in this record as Exhibit No. 2 and was objected to as immaterial, irrelevant, incompetent, not the best evidence and without proper foundation. As to the foundation it appears that it was shown to be a photographic copy of an official document which was a part of the records of the State Securities Commissioner who was the legal keeper of the original. The foundation clearly brings the document within the provisions of Section 31–0910 NDRC 1943 which prescribes the method for proving official documents and Section 31–08011 1957 Supplement to NDRC 1943 which provides for the admissibility of photographic copies of business and public records.

 The argument in defendant's brief is directed chiefly to the materiality and relevancy of the exhibit. It is argued that the defendant's answer to Item 11 of the application contains sufficient pertinent information to meet the requirements of the law pursuant to which the application was made and does not contain material false statements and representations. This objection is not well taken. The exhibit was clearly admissible as part of the basic proof of the prosecution which showed that the defendant executed on behalf of Universal Securities, Inc. its application for registration as a dealer. Item 11 of this application required that there be attached thereto a rider giving all pertinent information with respect to convictions for misdemeanors of which fraud is an essential element. It was the State's contention that the statement contained in the rider was false. That the application and rider were clearly competent and material evidence was forcefully demonstrated by the later introduction of the records of convictions which we have mentioned and the request to the court to take judicial notice of certain statutes and laws that we have previously discussed. All of this evidence was properly submitted to the jury at the close of the case as bearing upon the defendant's guilt with respect to the crime charged. No error was committed in the admission of the prosecution's Exhibit No. 2.

We find no error on the part of the court with respect to any of his acts or rulings challenged by the defendant's specifications. The judgment and order appealed from are affirmed.

SATHRE, C. J., and MORRIS, TEIGEN and BURKE, JJ., concur.

STRUTZ, Judge (dissenting).

I cannot agree with the majority of the court, who hold that an accused in a criminal proceeding has no right to trial by the court without a jury, where the defendant has made a timely waiver and such waiver was consented to by the prosecuting attorney.

Section 29–1602 of the North Dakota Revised Code of 1943 provides:

"Issues of Fact Tried by Jury; When Trial by Jury May be Waived. In any case, whether a misdemeanor or felony, a trial jury may be waived by the consent of the defendant and the state's attorney expressed in open court and entered on the minutes

of the court. Otherwise, the issues of fact must be tried by the jury."

In this case the defendant, in a timely manner, waived trial by jury. This was consented to by the special assistant attorney general, William S. Murray, who was in charge of the prosecution. The waiver and consent were expressed in open court, and were entered on the minutes of the court as required by our statute. The trial court, however, refused to try the case without a jury, and proceeded to try the same to a jury. A verdict was rendered by the jury over the defendant's plea of not guilty.

This court has held that the right to trial by a constitutional jury may be waived by an accused, with the consent of the State's counsel. In re Kortgaard, 66 N.D. 555, 267 N.W. 438, 105 A.L.R. 1107.

Both the Federal Constitution and our State Constitution guarantee to one accused of a crime a trial by jury. In North Dakota, however, an additional right has been given by statute to such a person when charged with a crime. He may waive trial by jury, with the consent of the prosecution.

One of the fundamental rules of statutory construction is to ascertain, if possible, what the legislative intent or purpose was in enacting a statute under consideration by the court. 82 C.J.S. Statutes § 321, p. 560.

A statute will, if possible, be construed to give it meaning. It is to be construed liberally with a view to effecting its objects and to promoting justice. Sec. 1-0201, N.D.R.C.1943.

What was the purpose of the Legislative Assembly in enacting Section 29–1602 of the North Dakota Revised Code of 1943? Clearly, it was to give an accused the right to waive trial by jury. And, if it gave to the accused the right to waive trial by jury, it must have intended, as a corollary, to then provide for trial by the court. What possible purpose would there be in enacting a statute granting the right to waive trial by jury if, by waiving trial by jury, a trial by the court does not follow? Unless we hold that waiver of trial by jury carries with it trial by the court, the statute granting to an accused the right to waive trial by jury, with consent of the prosecuting attorney, is absolutely meaningless. This court should not adopt a construction which will render meaningless the Act of the Legislative Assembly. Only by assuming that, where an accused waives trial by jury, issues of fact are to be tried by the court does the statute granting waiver have any meaning or sense. The extension of the privilege of waiving trial by jury has been more frequently and more strongly recommended than almost any other reform in criminal procedure. Orfield on Cr.Proc. (1947), p. 390.

There are numerous decisions upholding the constitutionality of positive legislative enactments providing that one charged with a crime shall have the right to waive a trial by jury and elect to be tried by the court. 48 A.L.R. 772 and cases cited.

The Michigan statute provides that in certain criminal proceedings an accused is authorized to waive trial by jury and be tried by the court, while the North Dakota statute (Sec. 29–1602) merely provides for waiver of jury trial. Trial by the court must be assumed to give the statute meaning.

The Michigan court, in People v. Steele, 94 Mich. 437, 54 N.W. 171, held that, where an accused expressly waives trial by jury and demands trial by the court without a jury and the court, against his protest, orders trial by jury, such trial by jury is error and the conviction of the accused by the jury must be set aside.

The court points out that the statute giving an accused the right to waive trial by jury offers to the accused a choice of two modes of trial, either by jury or by the court. He cannot, against his will, be deprived of such choice. The statute

allowing a defendant to waive trial by jury does not, therefore, deprive the defendant of his constitutional right to be tried by the jury. Such a statute merely gives him an additional right to be tried by the court if he so desires.

In the case of People v. Martin, 256 Mich. 33, 239 N.W. 341, the defendant was charged with bastardy, a quasi-criminal offense. He waived trial by jury, as he had the right to do under the Michigan statute. The trial court, however, denied him a trial by the court and submitted the case to a jury. The Michigan Supreme Court held that this was reversible error, holding that the right to be tried by the court was as much a privilege as was the right to be tried by a jury.

The Supreme Court of Ohio reached a similar result in the case of State v. Smith, 123 Ohio St. 237, 174 N.E. 768. In that case, the court held that the statute giving the right to waive a jury and elect to be tried by the court is mandatory, and the court has no power to reject the waiver of the accused and order the case to be tried to a jury, unless it comes to the attention of the trial court that the accused is not sane. In such case, the question of sanity must first be determined.

The courts of Texas have held that trial by jury of a defendant, after he has waived his trial by jury and requested trial by the court, is reversible error. Grady v. State, 117 Tex.Cr.R. 115, 35 S.W.2d 158. In Texas the right to waive a trial by jury is recognized by the Constitution as well as by statute, and not by statute only as is the case in North Dakota. Texas, like North Dakota, however, does not specifically provide for trial by the court on waiver of trial by jury.

Our statute also gives to a person accused of a crime a choice of two modes of trial. He can be tried either by a jury or by the court with the consent of the prosecution. I believe this is a substantial right and the trial court, whatever his reason may be, has no right to deprive the accused of whichever mode he desires to choose.

Since trial by jury confers burdens as well as benefits, an accused should be permitted to forego the privilege of a jury trial when his better judgment tells him that his rights and interests are safer in the keeping of a judge than of a jury. 50 C.J.S. Juries § 86, pp. 792, 793.

Surely there can be no sound basis for reasoning which holds that a trial by jury is a right and a privilege which cannot be denied to an accused, and then argue that the statutory right of its surrender by the accused and his right of trial by the court, which must be read into the law to give it meaning, shall be subject to the whim and fancy of the trial judge.

Because of the error of the trial court in ordering trial by jury after the defendant, with the consent of the State, had waived jury trial, the judgment of the lower court should be reversed and new trial ordered.