Taft, C. J.
The question to be determined is: Where a defendant has been duly charged with a felony, has duly waived a trial by jury and has requested and been granted a trial before a court of three judges as provided by Section 2945.07, Revised Code, may such defendant be convicted by the concurrence of only two of the three judges of that court?
As a general rule, every defendant in a serious criminal case such as this has the right to a trial by jury guaranteed to him by Sections 5 and 10, Article I of the Ohio Constitution, which cannot be impaired by the General Assembly. Work v. State (1853), 2 Ohio St., 296, 59 Am. Dec., 671.
However, a defendant in a criminal case may waive his constitutional right to a jury trial. Dailey v. State (1854), 4 Ohio St., 57; Dillingham v. State (1855), 5 Ohio St., 280; Craig v. State (1892), 49 Ohio St., 415, 30 N. E., 1120, 16 L. R. A., 358; State, ex rel. Warner, v. Baer et al., Judges (1921), 103 Ohio St., 585, 134 N. E., 786; State v. Habig (1922), 106 Ohio St., 151, 140 N. E., 195; State v. Smith (1931), 123 Ohio St., 237, 174 N. E., 768; State v. Frohner (1948), 150 Ohio St., 53, 80 N. E. (2d), 868.
It is established further that a defendant may, with the permission of the court, consent to be tried by other than a constitutionally guaranteed jury of twelve jurors. See State, ex rel. Warner, v. Baer et al., Judges, supra (where the defendant consented to be tried by a jury of eleven after one juror became ill during the trial).
*364 If, as we have seen, a defendant in a criminal case can waive his constitutional right to a jury trial or to a jury of twelve, he can also waive his right to have a unanimous verdict. Here, the defendant chose to be tried before a three-judge court pursuant to Section 2945.07, Revised Code, which specifically states that “a majority” of the three-judge court “may decide all questions of fact and law. arising upon the trial and render judgment accordingly. ’ ’ Thus, that statute in effect and specifically provides that a defendant, being tried by a three-judge court pursuant to its provisions, may be convicted by the concurrence of only two of the three judges of that court.
Having requested and been granted a trial as authorized by that statute, defendant is bound by the provisions of that statute relative to the conduct of his trial.
In State, ex rel. Warner, v. Baer et al., Judges, supra, this court stated in paragraph four of the syllabus:
“Agreements, waivers and stipulations made by persons accused of crimes, or by their counsel in their presence, during the course of a trial for crime, are, after the termination of the trial, as binding and enforceable upon such persons as like agreements, waivers and stipulations are upon parties to civil actions.”
Defendant’s brief adopts the following reasoning from the opinion of the Court of Appeals:
“* * * If there is a difference of opinion as to guilt among the three trial judges all of whom are reasonable and experienced, this fact not only suggests that there can be more than one conclusion as to the evidence but it proves it. This fact in and of itself injects reasonable doubt into the case and the state has failed to sustain the burden of proof beyond a reasonable doubt * * *.
(C # * #
“* * * the presumption of innocence and the requirement of proof beyond a reasonable doubt require a unanimous verdict of a three-judge court before a verdict of guilty is valid. * * * A statute specifically removing the presumption of innocence and proof beyond a reasonable doubt in trials before a three-judge court would remove an essential ingredient of due process of law and the law of the land as it has been under *365 stood for centuries and practiced in Ohio since the original Constitution was adopted.”
We agree that, by his request for trial by a three-judge court, defendant did not waive his right to a presumption of innocence or his right to require the state to prove him guilty beyond a reasonable doubt.
However, we believe that it is a sufficient answer to the foregoing reasoning to recognize that two reasonable minds may disagree as to what a reasonable doubt is. Otherwise, for example, the conclusion of one or more dissenters in this court that there had not been proof of a defendant’s guilt beyond a reasonable doubt would necessarily require a reversal of his conviction. Obviously it does not. See State v. Sheppard (1956), 165 Ohio St., 293, 135 N. E. (2d), 340.
Proof beyond a reasonable doubt is a subjective individual standard rather than a group standard. If it were otherwise where any juror has a reasonable doubt, then the “group mind” has a reasonable doubt, and the group should vote a not guilty verdict. But under the law, the jury is “hung,” and a new trial is necessary.
That majority verdicts and the individual reasonable doubt standard can coexist is illustrated by the fact that constitutional provisions in some states make it possible to deprive a defendant of the right to a unanimous verdict in a noncapital felony case. Yet the necessity for convincing the individual juror beyond a reasonable doubt is preserved. See Comments, Waiver of Jury Unanimity — Some Doubts About Reasonable Doubt, 21 University of Chicago Law Review (1954), 438.
Where two of three reasonable minds have determined that there is proof of defendant’s guilt beyond a reasonable doubt, the determination of the third reasonable mind that there is no such proof does not alter the fact that “a majority of them” as contemplated by Section 2945.07, Revised Code, have decided that there has been proof beyond a reasonable doubt and “may * * * render judgment accordingly.”
It may be observed that there is no basis for the effort of defendant to tie the historical requirement of unanimity in a jury trial to the historical requirement of proof beyond a reasonable doubt. Actually, each of those two requirements had *366 a separate historical origin and originated for different reasons. See Comment, Criminal Procedure, 112 University of Pennsylvania Law Review (1964), 769.
Finally, it should be emphasized that, if defendant did not want to give up his right to a unanimous verdict, he could have elected to be tried before a jury or a single trial judge. Defendant was represented by competent counsel throughout this proceeding. There is no allegation or suggestion of coercion or pressure upon the defendant to choose a three-judge court. Instead, it is quite clear that defendant voluntarily and intelligently elected to be tried by such a court under the provisions of Section 2945.07, Revised Code.
For the foregoing reasons the judgment of the Court of Appeals is reversed, and that of the Common Pleas Court is affirmed.

Judgment reversed.

Zimmerman, Matthias, O’Neill, Griffith and Gibson, JJ., concur.
Herbert, J., dissents.