PER CURIAM.
On February 1, 1967, following trial without a jury in the Criminal Court of Record of Dade County, the appellant was found and adjudged guilty of assault with intent to commit rape. He was sentenced thereon to imprisonment for twenty years, with provision for the sentence to be served “upon the expiration of the sentence imposed by the Circuit Court of the eleventh Judicial Circuit of Florida in Case No. 2279.” [1]
This appeal is from an order of the trial court denying a second motion filed by the appellant under Rule 3.850 CrPR, 33 F.S.A., for relief from the conviction. The ground relied upon in that motion was that he was tried without a jury without having waived jury trial. In support of that ground the appellant relies upon the circumstances that the information does not contain a signed endorsement by him of waiver of jury trial. Under § 912.01 Fla.Stat., F.S.A. it is provided that such waiver, when made, shall be in open court, with a signed endorsement thereof by the defendant on the information. Appellant was charged in this case and tried with five other defendants, and the information contains an endorsement of waiver of jury trial signed by three of them.
In denying the appellant’s second motion for relief the trial court recited that at the trial the movant had been represented by eminent counsel of his own choosing, and held: “That the files and records of this court show conclusively the peti *643 tioner is not entitled to relief which he seeks.” That holding of the trial court, in denying the second motion for relief, was well founded. The absence of a signed waiver of jury trial by appellant on the information was not sufficient to require granting relief from the conviction on the second motion of the appellant where the record otherwise reflects that the appellant in fact did waive jury trial. The case of Ivory v. State, Fla.App.1966, 184 So.2d 896, relied on by the appellant, contains language which supports the proposition just stated.
The showing in this record which refutes the contention made by the appellant in his second motion that he did not waive jury trial, appears from the appellant’s own statement in his earlier motion for relief, filed by plaintiff on July 14, 1967, wherein among other grounds the appellant stated that he had waived jury trial but contended his waiver thereof had been coerced by his (employed) counsel. That first motion for relief was denied by the trial court on September 21, 1967. The appeal therefrom by the appellant was quashed. Under Jones v. State, 155 Fla. 558, 20 So.2d 901, a waiver of jury trial, which was made without full conformity with the statute, if accepted and proceeded upon by the trial court, should be held sufficient.
The judgment of the trial court in denying the second motion for relief also must be sustained on the further basis that the ground of the second motion, relating to absence of valid waiver of jury trial, had been presented by an earlier motion for relief. The cases holding that a similar ground may not be repeated in such motions are so numerous as to obviate a need for their citation. In the first motion for relief filed by the appellant he stated he had waived jury trial, but contended that his waiver thereof had been coerced by his attorney. In the second motion he challenged his trial without a jury because of claimed absence of a signed endorsement thereof on the information. The two. grounds are sufficiently similar to invoke application of the rule just stated.
For the reasons assigned, the order appealed from is affirmed.

. A life sentence (upon conviction of rape), affirmed, Parks v. State, Fla.App.1968, 206 So.2d 431. See also Parks v. Wainwright, 5 Cir. 1970, 429 F.2d 1240.