342 So.2d 96 (1977)
David Dixon RUSSELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-293.
District Court of Appeal of Florida, Third District.
February 1, 1977.
*97 Robert C. Eber, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
PER CURIAM.
The defendant, David Dixon Russell, was adjudged guilty of committing an aggravated assault upon one Paul Comartos by shooting Comartos in the leg after an altercation in defendant's gun shop. The trial was before the court without jury. The sentence prescribed for aggravated assault is a term of imprisonment not exceeding five years.[1] Defendant was given probation, the terms of which included a special condition: "... the Defendant will not be permitted to be physically on the premises known as, `Dave's 95th Street Gun Shop,' located at 9507 N.W. 27th Avenue, Miami, Florida."
On this appeal from the judgment and sentence, the defendant presents two points, urging (1) that he did not expressly and intelligently consent to the waiver of a jury trial and (2) that the special condition of probation is illegal. Each of the points fails to show error on this record.
The defendant was represented at trial by privately-employed counsel, who suggested a waiver of jury to the court. The determination to proceed without a jury was orally agreed to by the defendant pursuant to a question by the court. Thereafter, the defendant signed a written waiver. The waiver of jury trial was sufficient in all respects. See Jones v. State, 155 Fla. 558, 20 So.2d 901; Parks v. State, 263 So.2d 642 (Fla.3d DCA 1972); see also Quartz v. State, 258 So.2d 283 (Fla.3d DCA 1972); Kinser v. State, 291 So.2d 80 (Fla.3d DCA 1974).
The trial court is vested with broad discretion in determining the conditions of probation; however, such discretion is not unbridled. The purpose of probation is primarily to rehabilitate and not primarily to punish. Kominsky v. State, 330 So.2d 800 (Fla.1st DCA 1976). See also Roy v. State, 207 So.2d 52 (Fla.2d DCA 1967). A condition of probation that is reasonably related to the crime for which the offender has been convicted and that is directed to a reasonable restraint of activity in order to diminish the inclination to commit similar crimes is proper and, therefore, is not an abuse of discretion. See the rule in People v. Dominguez, 256 Cal. App.2d 623, 64 Cal. Rptr. 290, 293 (1967); and cf. Barnhill v. U.S., 279 F.2d 105 (5th Cir.1960). This record affirmatively shows the reasonable relationship of the condition of probation to the facts of this case.
Affirmed.
NOTES
[1] See § 775.082(3)(d), Fla. Stat. (1975); and § 784.021(2), Fla. Stat. (1975).