OSCAR SEMON v. THE PEOPLE.

*Bastardy—Proof beyond "reasonable doubt."* •

| 42 | 141 |
| 140 | ¹644 |

Bastardy proceedings are special and not strictly criminal, and the judgment only involves civil consequences.

The requirement that a jury must be satisfied beyond a reasonable doubt of the guilt of the accused before they can convict, is a principle of criminal jurisprudence only, and its application is determined by the nature of the prosecution and not the character of the act. It does not apply to bastardy cases.

Error to Allegan. Submitted Oct. 29. Decided Oct. 30.

BASTARDY. Defendant brings error.

*Fenn & Donaldson* for plaintiff in error. Bastardy proceedings in England are regulated by the rules of criminal procedure, *Rex v. Archer*, 2 Term. R., 270; *Rex v. Bowen*, 5 Term R., 156; in Massachusetts they have been held to be *quasi* criminal cases, *Hill v. Wells*, 6 Pick., 104; *Cummings v. Hodgdon*, 13 Met., 246; *Hyde v. Chapin*, 2 Cush., 77; the requirement that the jury should be convinced, beyond a reasonable doubt, of the guilt of the defendant, applies in bastardy cases, *Zweifel v. State*, 27 Wis., 397.

Attorney General *Otto Kirchner* for the People. The object of proceedings under the Bastardy Act (Comp. L., ch. 54) is not punitory merely, but to enforce obedience to a father's duty to support his offspring, *Coon v. Hitchcock*, 11 Chic. Leg. News, 258; 1 Chitty's Bl. Com., 458 et seq.; 4 id., 65.

CAMPBELL, C. J. The only error set up in this cause, which is a bastardy case, is that the court below denied a request to charge the jury that they should not find against the respondent below unless the testimony satisfied them beyond a reasonable doubt of his guilt, and did

charge them that they might be satisfied by a clear preponderance of evidence.

The nature of these proceedings was explained in *Cross v. People*, 8 Mich., 113, as not criminal in the proper sense of the term, but special and peculiar. The judgment, if it can be properly called a judgment, involves none but civil consequences. We do not think the rule holding it necessary to establish misconduct beyond a reasonable doubt is one which needs any extension. It is very proper where a person is subjected to criminal punishment, and is well rooted in criminal jurisprudence. But it is the nature of the prosecution and not the character of the act which authorizes its application. We held in *Elliott v. Van Buren*, 33 Mich., 49, that when a criminal act came in controversy in a civil cause, the rule did not apply. We think the principle of that case governs this, and that there was no error in the rulings below.

Judgment is affirmed.

The other Justices concurred.