PEOPLE *v.* HOPE.

1. CRIMINAL LAW—SENTENCE—COSTS.
    In prosecution for reckless driving under statute authorizing
    maximum sentence of 90 days imprisonment and $100 fine,
    sentence requiring payment of $100 fine and costs and, in
    default of payment within a time specified, imprisonment for
    90 days was not void as an alternative sentence (Comp. Laws
    1929, §§ 4747, 17447).

2. COSTS—CRIMINAL LAW—JURY.
    The assessment of costs against a defendant for a jury in a
    criminal case is not permissible under the laws of this
    State.

3. JURY—CRIMINAL LAW—CONSTITUTIONAL LAW.
    Every person charged with a criminal offense has a constitu-
    tional right to a trial by jury.

4. COSTS—DEFINITION.
    Costs are expenses incident to a prosecution, and not inclusive
    of any of the expenses of holding required terms of the cir-
    cuit court.

Appeal from Lapeer; Cramton (Louis C.), J.
Submitted January 16, 1941. (Docket No. 118, Cal-
endar No. 41,421.) Decided April 8, 1941. Rehear-
ing denied May 21, 1941.

Martin G. Hope was convicted of reckless driving.
Remanded for correction of sentence.

*Herbert W. Smith,* for appellant.

*Herbert J. Rushton,* Attorney General, and
*Thomas C. Taylor,* Prosecuting Attorney, for the
people.

NORTH, J. Martin G. Hope, appellant herein, was
charged with being guilty of committing a mis-

demeanor by recklessly driving a motor vehicle in violation of 1 Comp. Laws 1929, § 4696 (Stat. Ann. § 9.1564). On his first trial in justice court the jury disagreed; but upon the second trial he was convicted. The penalty imposed was payment of costs of $89 and in default thereof confinement in the county jail until the fine was paid, not to exceed 90 days. The defendant appealed and upon trial by jury in the circuit court he was again convicted. Thereupon the circuit judge sentenced the defendant to pay within 24 hours a fine of $100 and costs in the sum of $250, and in default of such payment within the time specified defendant should "stand committed to the county jail for 90 days." The fine of $100 was paid and defendant took a receipt therefor from the clerk of the court. Later defendant because of noncompliance with the balance of the sentence was brought before the circuit judge on a bench warrant. Thereupon the circuit judge, being of the opinion that the amount of costs as fixed in the sentence was excessive, reduced such amount to $205.45.

The circuit judge then made the following disposition of the case:

"He (defendant) is now here, brought in on a bench warrant issued by the court. The defendant is now remanded to the sheriff for confinement for 90 days in accordance with the sentence of the court, in default of payment of costs as required by the sentence, costs in the amount of $205.45. Upon payment of the costs in that amount the revised order will provide for his release from further confinement."

Appellant's position is stated in his brief as follows:

"It is the contention of the defendant that the sentence imposed by the court was greater than

authorized by law and that the same would be void as to the excess.

"That the sentence as imposed is void as an alternative sentence."

Passing appellant's contention, later considered herein, that the amount of costs imposed was in excess of the amount sanctioned by law, we find no merit in either of appellant's contentions: (1) that the sentence "was greater than authorized by law" or (2) that the sentence was void "as an alternative sentence." The penal provision of the statute reads:

"Every person convicted of reckless driving under section four of this act shall be punished by imprisonment in the county or municipal jail for a period of not less than five days nor more than ninety days, or by fine of not less than twenty-five dollars nor more than one hundred dollars, or by both such fine and imprisonment." 1 Comp. Laws 1929, § 4747 (Stat. Ann. § 9.1616).

Another statutory provision applicable to the instant case reads:

"Whenever the accused shall be tried and found guilty, * * * the court shall render judgment thereon and inflict such punishment, either by a fine or imprisonment or both as the nature of the case may require, together with such costs of prosecution as the justice of the peace shall order; but such punishment shall in no case exceed the limit fixed by law for the offense charged, and in rendering such judgment and inflicting such punishment the court may award against such offender a conditional sentence, and order him to pay a fine with or without the costs of prosecution, within a limited time, to be expressed in the sentence and in default thereof to suffer such imprisonment as is provided by law and awarded by the court, in all cases where the of-

fender shall be convicted of an offense punishable at the discretion of the court, either by fine or imprisonment or both.'' 3 Comp. Laws 1929, § 17447 (Stat. Ann. § 28.1213).

See, also, 3 Comp. Laws 1929, § 17331 (Stat. Ann. § 28.1075).

Obviously in the instant case the circuit judge under the statute could have imposed a fine of $100 and 90 days in jail. Instead, the sentence imposed was a fine of $100 and payment of costs in the amount fixed; but in default of payment commitment to the county jail was ordered until payment but not to exceed 90 days. The ''conditional sentence'' so imposed was not void as an alternative sentence, and it was not in excess of the penalty authorized by the statute, unless the amount of the costs fixed at $205.45 exceeded the amount which the court could lawfully require the defendant to pay. *People* v. *Harrington*, 75 Mich. 112.

As bearing upon whether costs fixed in the amount of $205.45 were in excess of the amount of costs plaintiff could lawfully be required to pay, the following facts appearing in the record are pertinent. The costs fixed in the amount of $205.45 by the circuit judge were made up of the following items: witness fees, $29.95; officers' fees, $6.50; costs assessed in the justice court, $89; and costs of the county in paying for one day's service of a panel of 20 jurors at $4 each, $80. There is nothing in the record before us which in any way challenges the accuracy of the amount of the first three items above noted, totaling $125.45. But assessing costs against a defendant for a jury in a criminal case is not permissible under the laws of this State. *People* v. *Kennedy*, 58 Mich. 372. Every person charged with a criminal offense has a constitutional right to a trial by jury. In the opinion written by Mr.

Justice Wiest in *People* v. *Robinson,* 253 Mich. 507, 512, he said: "and costs are expenses incident to a prosecution, and not inclusive of any of the expenses of holding required terms of the circuit court." The circuit judge was in error in including in the costs the item of $80 above noted.

The case is remanded to the circuit court for the correction of the sentence by reducing costs to $125.45 and for enforcement by the circuit court of the sentence as amended.

Sharpe, C. J., and Bushnell, Chandler, McAllister, Wiest, and Butzel, JJ., concurred. Boyles, J., concurred in the result.