PEOPLE v. McFADDEN.

1. BASTARDS—NATURE OF PROCEEDINGS.

Bastardy proceedings are neither strictly criminal nor civil in their nature, but partake of the character of both, being quasi-criminal so far as they aim to protect the public (CL 1948, § 722.601 et seq.).

2. CRIMINAL LAW—DEFENSE OF ALIBI—NOTICE.

The statutory requirement that defendant in criminal cases not cognizable by a justice of the peace give notice of the defense of alibi was enacted for the benefit and protection of the public (CL 1948, § 768.20).

3. BASTARDS—NOTICE OF DEFENSE OF ALIBI.

A defendant in a bastardy proceeding, being entitled to the protection of provisions of the code of criminal procedure, must comply with applicable provisions thereof that are prescribed for the benefit of the public including the requirement that he give notice of intention to claim defense of alibi in order to be entitled to introduce evidence thereof at the trial (CL 1948, § 722.601 et seq.; § 768.20).

Appeal from Calhoun; Steinbacher (Harold E.), J. Submitted May 25, 1956. (Docket No. 68, Calendar No. 46,883.) Decided December 28, 1956.

Bastardy proceedings against Alfonso McFadden, also known as Alfred McFadden, resulting in jury verdict of guilty. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur, Bastards § 81.
[2, 3] 15 Am Jur, Criminal Law § 315.
[3] 7 Am Jur, Bastards § 106 et seq.

*F. Jack Neller,* Prosecuting Attorney, for plaintiff.

*Paul C. Younger* and *William G. Jenkins,* for defendant.

CARR, J. The defendant in this proceeding was charged with being the father of twin children born on July 29, 1954, in the city of Battle Creek, to an unmarried woman, 20 or 21 years of age. Complaint was made to the judge of the municipal court of said city by the mother of the children, pursuant to the provisions of the statute* relating to the maintenance of children born out of wedlock. The proceeding contemplated by said statute was followed. A warrant was issued and defendant was arrested. Subsequently an examination was held and the defendant was required to enter into a recognizance for his appearance in the circuit court at the next term.

On the trial of the cause counsel for defendant offered certain testimony for the purpose of showing that defendant was, at the time the alleged act of intercourse took place, in his own home and not where the complaining witness testified said act was committed. In other words, defendant sought to interpose the defense commonly referred to as an alibi. On objection the testimony was excluded by the trial judge on the ground that notice of such defense had not been given in accordance with the provisions of CL 1948, § 768.20 (Stat Ann 1954 Rev § 28.1043). Said section is found in the code of criminal procedure, and reads as follows:

"Whenever a defendant in a criminal case not cognizable by a justice of the peace shall propose to offer in his defense testimony to establish an alibi on behalf of the defendant, or of the insanity of such defendant either at the time of the alleged offense or

---

* CL 1948, § 722.601 *et seq.* (Stat Ann and Stat Ann 1955 Cum Supp § 25.451 *et seq.*).

at the time of trial, such defendant shall at the time of arraignment or within 10 days thereafter but not less than 4 days before the trial of such cause file and serve upon the prosecuting attorney in such cause a notice in writing of his intention to claim such defense and the names of witnesses to be called in behalf of such defendant to establish such defense known to him at that time. Names of other witnesses may be filed and served before or during the trial by leave of the court and upon such conditions as the court shall determine. In cases of a claimed alibi such notice shall include specific information as to the place at which the accused claims to have been at the time of the alleged offense."

Defendant was convicted by the jury and an order in accordance with the statute was entered by the trial judge. Defendant has appealed, contending that the statute above quoted is not applicable in a proceeding of this nature, and that, in consequence, the trial court was in error in excluding testimony tending, as it is claimed, to establish the defense of an alibi.

On behalf of appellant it is urged that a proceeding under the statute here involved is not a criminal case in the proper acceptance of the term, that it is basically civil in nature, and that procedural requirements prescribed by law with reference to the conducting of criminal cases generally do not apply. On behalf of the people it is insisted that the procedure outlined by the statute under which the complaint was filed and subsequent proceedings had is analogous to that in criminal cases generally, and that the trial judge was right in holding that testimony of a claimed alibi was not admissible, no notice of such claim having been given pursuant to the section of the code of criminal procedure above quoted.

In the case at bar defendant was arrested, was given a preliminary examination before the magis-

trate issuing the warrant, and was required to enter into recognizance for his appearance in circuit court. It may be noted that the testimony of the complaining witness as to the time and place of the alleged act of intercourse between the parties as given on the preliminary examination was essentially identical with her statements as a witness on the trial. It thus appears that defendant, following the examination, was aware of the claims of the people with reference to such matter. He was thus in position, had he deemed it necessary, to give the statutory notice indicating that on the trial he would offer proof of an alibi. No claim is made that he could not have complied with such requirement if applicable to him. The issue is, in consequence, whether he was bound to give the notice as a condition precedent to the introduction of the tendered proof.

In prior decisions of this Court reference has been made to proceedings under the statute to determine liability for the support of a child, or children, born out of wedlock. In *Pangborn* v. *Smith,* 65 Mich 1, 4, it was said:

"The proceedings in cases of this kind are neither strictly criminal nor civil in their nature, but partake of the character of both. So far as they aim to protect the public, they are *quasi*-criminal."

We think it apparent that the requirement of the code of criminal procedure with reference to giving notice of the defense of an alibi in certain cases was enacted for the benefit and protection of the public. No claim is made in the instant case that its application to a procedure of this nature would deprive defendant of any vested constitutional right. Rather, the issue is whether the legislature intended such application.

This Court has taken the position in prior decisions that the defendant in a case of this nature is

entitled to the benefit of certain procedural safeguards applicable to criminal cases. In· *People* v. *Martin,* 256 Mich 33, the defendant sought to waive a jury trial in accordance with the provisions of a section of the code of criminal procedure granting such right to defendants in criminal cases. Said section (CL 1948, § 763.3 [Stat Ann 1954 Rev § 28.856]) reads as follows:

"In all criminal cases arising in the courts of this State whether cognizable by justices of the peace or otherwise, the defendant shall have the right to waive a determination of the facts by a jury and may, if he so elect, be tried before the court without a jury. Except in cases cognizable by a justice of the peace, such waiver and election by a defendant shall be in writing signed by the defendant and filed in such cause and made a part of the record thereof. It shall be entitled in the court and cause and in substance as follows: 'I, ............, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court in which said cause may be pending. I fully understand that under the laws of this State I have a constitutional right to a trial by jury.'

................................
Signature of defendant.

"Such waiver of trial by jury must be made in open court after the said defendant has been arraigned and has had opportunity to consult with counsel."

In discussing the nature of the proceeding the Court pointed out certain respects in which it is civil in nature and others in which it partakes of the character of a criminal prosecution. Attention was specifically directed to the provisions of the statute relating to the filing of a complaint instead of a declaration, the arrest of the defendant, and the authority granted by the statute to commit one found

guilty unless bond is furnished. It was declared that such a proceeding comes within the quasi-criminal jurisdiction of the courts. Based on the practical situation involved it was held in a unanimous decision of the Court that the statute above quoted with reference to the waiver of a jury trial in criminal cases was broad enough to include quasi-criminal cases and, hence, that the trial court was in error in denying defendant the right to so waive.

In the recent case of *People* v. *Stoeckl,* 347 Mich 1 (decided October 1, 1956), it was held, following the reasoning of the Court in the *Martin Case, supra,* that CL 1948, § 617.64 (Stat Ann § 27.913), to the effect that a defendant in a criminal case shall be deemed a competent witness only at his own request, that his neglect to testify shall not create a presumption against him, and that reference or comment on failure to testify shall not be permitted by the court, is applicable in a case of the character now at bar. Counsel representing the complainant in the *Stoeckl Case,* in arguing to the jury, commented on the defendant's failure to take the witness stand. Motion for a mistrial was made by counsel for defendant and was denied. This was held to be error, the conviction was reversed, and the case was remanded for a new trial.

In the cases cited it is patent that the statutory provisions relating to criminal cases were applied in each instance for the benefit and protection of the defendant. The situation is in practical effect that one against whom a proceeding is instituted under the statutory provisions applicable to a case of this nature may invoke the protection afforded in matters of procedure to one on trial for a criminal offense. If the defendant is entitled to such right, the conclusion logically follows that he may not avoid compliance with a requirement, imposed by statute with reference to such procedure, prescribed, not for the

benefit of the defendant but for the benefit and protection of the public. The trial judge in the instant case was not in error in denying defendant the right to introduce testimony for the purpose of establishing an alibi on the ground that notice of such defense had not been given to the people.

The conviction is affirmed.

DETHMERS, C. J., and SHARPE, BOYLES, and KELLY, JJ., concurred with CARR, J.

SMITH, J. (*concurring*). We have here another question relating to procedure in bastardy cases, namely, whether or not notice of alibi must be given. In my dissent in *People* v. *Stoeckl*, 347 Mich 1, I rejected the theory of epithetical jurisprudence, that we solved anything by calling this action "civil" or "criminal." I held that in each instance we must (p 12) "look to the purpose to be served by the statute under consideration and equate such purpose against the intendments of the bastardy act." This case furnishes another example thereof. I agree that notice of alibi should be given. Not, however, because this action, being held "criminal" for one purpose must be so for another, or because the defendant, having had the "benefit and protection" of certain statutes must comply with others prescribed "not for the benefit of the defendant but for the benefit and protection of the public." It is impossible thus to classify statutory safeguards and requirements, particularly those relating to trials and procedures in causes criminal in nature, saying this one is for the benefit of the defendant, that one for the benefit of the public. Is not, in truth, the public welfare equally on trial with the prisoner in the dock? Do we not degrade our society as well as him if we deny him due process? What, indeed, is to his benefit that is not to ours, what goes to his protection that

protects not us? To me the distinction made is verbal only, not of substance. It is completely unworkable as a matter of practice and can serve only to further confuse a situation already badly muddled.

Notice of alibi should be given, however, because this action is peculiarly susceptible to the evil sought to be cured through the adoption of such statute. The prosecutor puts it in these terms:

"A complaint in a bastardy case must set forth a date on which it is alleged an illegitimate child was conceived. It is incumbent upon the people to prove by a preponderance of the evidence that defendant was present on the date alleged and had sexual intercourse with the complainant on the date in question. * * * The prosecution should have the right to know such facts, so that it can properly prepare to meet it at the time of trial."

For the above reasons, I concur in affirmance.

BLACK, J., concurred with SMITH, J.

EDWARDS, J., took no part in the decision of this case.