ROMAIN v. PETERS.

1. JURY—VERDICT—CIVIL CASES.

A verdict shall be received in all civil cases tried by 12 jurors when 10 jurors agree (Const 1963, art 1, § 14).

2. BASTARDS—CONSTRUCTION OF STATUTES—CRIMINAL LAW.

Michigan courts have not reached a coherent interpretation of the bastardy act; in certain respects it appeared to be predominantly criminal (CL 1948, § 722.601 et seq., repealed by PA 1964, No 256).

3. SAME—PURPOSE OF STATUTE.

Punishment of the putative father was not the purpose of the bastardy act (CL 1948, § 722.601 et seq., repealed by PA 1964, No 256).

4. SAME—BASTARDY ACT—PATERNITY ACT—SUPPORT OF CHILD.

The legislature was concerned with the support of the child in enacting both the former bastardy act and the paternity act presently in effect (CL 1948, § 722.601 et seq., repealed by PA 1964, No 256; CLS 1961, § 722.711 et seq., as amended by PA 1962, No 238).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 1004 et seq.
[2, 5, 6] 10 Am Jur 2d, Bastards § 1 et seq.
[3, 4, 9] 10 Am Jur 2d, Bastards § 74 et seq.
[7] 31 Am Jur, Jury §§ 48–53.
[8] 31 Am Jur, Jury § 47.
[10] 53 Am Jur, Trial § 1006.
[11] 10 Am Jur 2d, Bastards § 27.

5. SAME—CONSTRUCTION OF STATUTES.
  Labelling of proceedings under former bastardy act as quasi-criminal means they were quasi-civil as well (CL 1948, § 722.601 *et seq.*, repealed by PA 1964, No 256).

6. COURTS—PATERNITY ACT—TRIAL—CIVIL LAW—CRIMINAL LAW.
  Court does decide whether paternity act trial was civil or criminal in nature, but limits decision to whether legislature views jury requirement under the act civil or criminal (CLS 1961, § 722.711 *et seq.*, as amended by PA 1962, No 238).

7. CRIMINAL LAW—RIGHT OF JURY TRIAL—WAIVER.
  The right of trial by jury, in criminal cases, remains unless expressly waived (Const 1963, art 1, § 14).

8. TRIAL—RIGHT OF JURY TRIAL—CIVIL CASES—WAIVER—DEMAND.
  The right of trial by jury shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law (Const 1963, art 1, § 14).

9. BASTARDS—JURY—DEMAND—WAIVER.
  Jury must be demanded in paternity cases or be considered as waived, since statute and court rule have cast the jury requirement under the paternity act as civil rather than criminal (CLS 1961, § 722.715; GCR 1963, 730.2).

10. SAME—AGREEMENT OF 10 MEMBERS OF JURY.
  Ten members of a 12-man jury may decide the issue of alleged paternity, since legislation and court rule have cast the jury requirement under the paternity act as civil rather than criminal (CLS 1961, § 722.715; GCR 1963, 730.2).

11. SAME—EVIDENCE—BIRTH CERTIFICATE—PATERNITY SUIT—SUA SPONTE ACTION BY TRIAL COURT.
  Trial court was not required to introduce the birth certificate into evidence on its own motion, in a paternity case, where the defendant had access to the document by virtue of a ruling of the court at pretrial conference and defendant never offered it into evidence at trial (CLS 1961, § 722.711 *et seq.*, as amended).

Appeal from Tuscola; Churchill (James P.), J. Submitted Division 2 June 8, 1967, at Grand Rapids. (Docket No. 2,687.) Decided December 5, 1967.

Lorca D. Romain, an unmarried woman, instituted paternity proceedings against Gordon Peters. Ver-

dict and judgment for plaintiff.  Defendant appeals. Affirmed.

*James J. Epskamp,* Prosecuting Attorney, for plaintiff.

*Thomas R. McAllister,* for defendant.

Burns, J.  Plaintiff, an unmarried woman, instituted paternity proceedings against defendant pursuant to CLS 1961, § 722.711 *et seq.,* as last amended by PA 1962, No 238 (Stat Ann 1957 Rev and Stat Ann 1965 Cum Supp § 25.491 *et seq.*).[1]  Plaintiff alleged delivery of defendant's female child on July 28, 1964.  Defendant, after denying paternity, demanded a blood test and a jury trial.  By a verdict of 10 of the 12 jurors, defendant was found to be the father of the child, and an order of filiation was entered.  Defendant appeals from the trial court's denial of defendant's motion to set aside the verdict and judgment and for a new trial.

For the purpose of this appeal the issues properly raised can be reduced to 2:

1. Is it necessary for 12 jurors to find a defendant guilty by unanimous verdict under the paternity act of 1956?
2. Was it reversible error for the trial court to fail to require the birth certificate, which did not name the father of the child concerned, to be introduced into evidence?

The first issue presents us with a perplexing problem, one of apparently novel impression in this jurisdiction.  Const 1963, art 1, § 14 states, "In all civil cases tried by 12 jurors a verdict shall be received when 10 jurors agree."  The question, then, becomes, whether proceedings under the paternity act are civil

[1] See currently, PA 1966, Nos 115 and 146 (Stat Ann 1968 Cum Supp § 25.503 and § 25.495).

or criminal cases with respect to the constitutional
jury requirement. The Michigan courts (as well
as courts in other jurisdictions) have not reached a
coherent interpretation of the bastardy act;[2] in cer-
tain respects, especially in its procedural aspect, it
appeared to be predominantly criminal. Neverthe-
less, its purpose was not to punish the putative
father; it was the support of the child with which
the legislature was concerned in enacting both the
former bastardy act and the paternity act presently
in effect.

A number of older cases labeled the proceedings
under the bastardy act "quasi-criminal," which, of
course, must mean that they are also "quasi-civil"—
a patently unsatisfying conclusion. Even the most
recent decisions under the bastardy act are badly
split and beleaguered by uncertainty. See, for ex-
ample, *People* v. *Stoeckl* (1956), 347 Mich 1 and
*People* v. *McFadden* (1956), 347 Mich 357.

We do not find any cases considering this issue
under the paternity act of 1956. In order to dispose
of the instant case it is not necessary for us to decide
whether the trial was civil or criminal in nature
for all purposes; the only question before us is
how the legislature viewed the jury requirement
under the paternity act. For this reason we consider
one sentence in the act most significant: "Trial shall
be by court without a jury, except that the alleged
father may demand a trial by jury." CLS 1961,
§ 722.715 (Stat Ann 1957 Rev § 25.495).[3] Also, see
GCR 1963, 730.2.[4] This is unmistakably the jury
requirement in civil cases. In criminal cases the
right of trial by jury remains unless expressly

---

[2] CL 1948, § 722.601 *et seq.* (Stat Ann 1957 Rev § 25.451 *et seq.*);
repealed by PA 1964, No 256 (Stat Ann 1965 Cum Supp § 25.451
*et seq.*).

[3] See currently PA 1966, No 146 (Stat Ann 1968 Cum Supp
§ 25.495), under which either party may demand a trial by jury.

[4] See currently 379 Mich.

waived. "The right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law." Const 1963, art 1, § 14. We can only conclude that since legislation and court rule have cast the jury requirement under the paternity act in this civil perspective, 10 members of a 12-man jury may decide the issue of alleged paternity.

The question of whether the birth certificate should be introduced into evidence was never before the court at trial. Neither party offered it for admittance into evidence. A careful reading of the transcript discloses that, although defendant had access to the document by virtue of a ruling of the court at pretrial conference, he never offered it into evidence at trial. At the close of his proofs, defendant merely requested to see the certificate which was on the prosecutor's desk at that time. The trial court was not in error when it said: ·

"Well, gentlemen, I understand this situation, it was not my understanding that the defendant at any time offered the birth certificate. He merely asked that the plaintiff's counsel hand him a copy which he very likely and did have in his possession but there was no effort made by the defendant to obtain a birth certificate and introduce it into evidence. It would have been a simple matter for the defendant to have brought the county clerk upstairs and there was no request made for time to do so and I think that defendant's objection in the matter is without merit."

The trial court was not required under these circumstances to introduce the birth certificate into evidence on its own motion.

Affirmed. Costs to appellee.

HOLBROOK, P. J., and McGREGOR, J., concurred.