CHAMPLIN v. MANKE

1. New Trial—Newly-Discovered Evidence—Different Result—Paternity Action.

   Determination that allegedly newly-discovered evidence, an affiant who stated that he had intercourse with the plaintiff in a paternity suit two months before the defendant had had intercourse with the plaintiff, would not render a different result probable on retrial was proper where the child was born a few days less than nine months after the plaintiff and defendant had had intercourse several times in a week, that plaintiff testified she had had an accident and the child was born prematurely, plaintiff submitted affidavits that she was not with the affiant at the time the affiant claimed that they had had intercourse, and plaintiff testified that she had had intercourse only with the defendant (MCLA § 722.711).

2. New Trial—Newly Discovered Evidence—Reasonable Diligence—Paternity Action.

   Determination that allegedly newly-discovered evidence, an affiant who stated that he had had intercourse with the plaintiff in a paternity suit two months before defendant had had intercourse with the plaintiff, could have been produced at trial with reasonable diligence was proper where the defendant had three years between the birth of the child and the date of trial to prepare his defense (MCLA § 722.711).

Appeal from Calhoun, Ronald M. Ryan, J. Submitted Division 3 April 1, 1971, at Grand Rapids. (Docket No. 10101.) Decided April 29, 1971.

Reference for Points in Headnotes
[1, 2] 39 Am Jur, New Trial § 159 et seq.

Complaint by Sandra Jean Champlin against Frank Henry Manke charging him with the paternity of her child. Judgment for plaintiff. Defendant appeals. Affirmed.

*Noble O. Moore,* for plaintiff.

*Haskell L. Nichols,* for defendant.

Before: Holbrook, P. J., and Bronson and O'Hara\*, JJ.

Per Curiam. Plaintiff, an unmarried woman, instituted paternity proceedings against defendant pursuant to MCLA § 722.711 *et seq.* (Stat Ann 1957 Rev § 25.491 *et seq.*).

While in military service and stationed in Texas, defendant was visited by plaintiff who flew from Michigan; they spent a few days together. Both admit that they engaged in several acts of intercourse during the week of November 20, 1966. Defendant denies paternity, contending that he used a contraceptive on each occasion except the last time when he withdrew before ejaculation. A female child was born on August 9, 1967. In the trial, held on February 13, 1970, the jury found that defendant was the father of the child born to plaintiff, and an order of filiation was entered. Thereafter, the trial court denied defendant's motion for a new trial.

Defendant points out that the normal human gestation period is nine months, but that this pregnancy terminated some days short of this period. This he contends leads to the conclusion that plaintiff was promiscuous, was already pregnant, per-

---

\* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

jured herself, and sought to entrap the defendant. The plaintiff testified that she had an accident and the baby was born prematurely.

It is evident from the verdict rendered that the jury chose to believe that plaintiff was not pregnant before the Texas visit, that she did not have prior sexual relations, that there was no planned entrapment and that the child was born prematurely.

The defendant raises several issues on appeal which have to do with conflicting testimony presented at the trial. These issues were properly submitted for final determination to the jury, it being the trier of the facts.

It is stated in the case of *Houfek* v. *Shafer* (1967), 7 Mich App 161, 172:

"The defendant's prime contention here is that some other man is the father of the child. Since there was conflicting evidence on this point—as to whether defendant was the father of plaintiff's child—the court could believe the evidence for paternity rather than against it."

Also see *People* v. *Finks* (1955), 343 Mich 304, and *People* v. *Martin* (1931), 256 Mich 33.

We have reviewed the record in the instant case and find sufficient evidence to support the jury's verdict. The claim of the defendant that the verdict of the jury was a reflection of its desire to penalize the defendant is not substantiated by the record.

In defendant's motion for new trial, he alleged newly-discovered evidence and submitted an affidavit from a witness who claimed to have had sexual intercourse with plaintiff on Labor Day, 1966. He further claimed that an examination of the child would show that she is of Spanish or Mexican origin. The child *was* viewed by the jury. Plaintiff, in her answer denying the claimed new evidence, submitted her affidavit and that of another person which placed

the plaintiff elsewhere at the time. Also, the court, prior to trial, ordered, at the request of the defendant, blood tests of the baby, the plaintiff, and the defendant which were accomplished.

Plaintiff testified that she never had relations with any person other than defendant Manke. The court, in denying defendant's motion for a new trial, stated:

"To entitle one to a new trial because of newly discovered evidence, it must appear that the evidence is such as to render a different result probable and that the parties could not without reasonable diligence have discovered and produced it at the trial."

The court further noted in its ruling that the defendant had nearly three years from the birth of the child to the date of trial to prepare his defense and that he could have, with reasonable diligence, produced this claimed newly-discovered evidence at trial. The court concluded that the evidence was not such as to render a different result probable if a new trial were held.

We conclude that these determinations by the trial court, under the facts in this case, were proper and that the trial judge was not guilty of any abuse of discretion.

The court's order of filiation (MCLA § 722.712 [Stat Ann 1957 Rev § 25.492]) requiring defendant to pay $137.70 medical expense, $1,093.50 for support prior to the date of the order to be paid at the rate of $5 per week, and an additional $13.50 weekly for support subsequent to the date of the order, is not contrary to the law or the facts of this case. This Court is convinced that there was no miscarriage of justice in this case.

Affirmed.