PEOPLE v ROBINSON

1. Criminal Law—Defenses—Alibi—Notice—Judicial Discretion—Statutes.

A defendant wishing to claim a defense of alibi is required to file a written notice of the defense with the prosecuting attorney; in the event of failure to file such a notice, the court in its discretion may exclude evidence offered by the defendant for the purpose of establishing an alibi (MCLA 768.20, 768.21).

2. Criminal Law—Defenses—Alibi—Notice—Prejudice—Judicial Discretion.

A simple declaration that the prosecution would be prejudiced was not sufficient ground for excluding a defendant's proof of alibi where the statutory notice of alibi defense had not been given but the prosecutor had been notified orally one week before trial, knew the identity of the witnesses the defense wished to call, and the identified witnesses were lodged in the county jail and therefore were available for questioning by the prosecutor (MCLA 768.20, 768.21).

Appeal from Newaygo, Harold Van Domelen, J. Submitted Division 3 June 4, 1974, at Grand Rapids. (Docket No. 17165.) Decided August 13, 1974. Leave to appeal denied, 393 Mich —.

Douglas Robinson was convicted of breaking and entering. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Douglas A. Springstead,* Prosecuting Attorney, and *Richard J. Farabaugh,* Assistant Prosecuting Attorney, for the people.

Reference for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law § 137.

*Terrance R. Thomas,* for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

R. L. SMITH, J. After a jury trial the defendant was convicted of breaking and entering. MCLA 750.110; MSA 28.305. He was sentenced to a term in prison of from two to ten years. Defendant now appeals and we reverse and remand for a new trial.

The defendant's defense was that he was not in Newaygo County at the time the offense was committed but was in the City of Grand Rapids. On the day of trial, prior to drawing the jury, defendant moved for permission to call two alibi witnesses. The following then ensued.

*"Mr. Thomas:* Your Honor, if it please the court. I have a preliminary motion to make in this regard. I had requested and advised the prosecutor that I wished to call two witnesses as alibi witnesses. One William Cobb, and one Lonnie Cobb who are currently in custody with the Newaygo County Sheriff's Department as alibi witnesses on behalf of the defendant. I admit as the attorney for the defendant that I did not serve the four-day notice as required by statute, and as a result of the same that prosecutor has denied my use of those witnesses. I wish to make a motion that they be allowed to testify irregardless of the four-day alibi rule.

*"Mr. Farabaugh:* May it please the court. The matter was brought to our attention, I believe it was the latter part of last week, and at that time there was *[sic]* four names mentioned as to possible alibi witnesses, and these names were not formally submitted to our office, and we would object to the use of any of these alibi witnesses.

*"The Court:* Will this prejudice you in any way, this lack of notice?

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"*Mr. Farabaugh:* We have had no opportunity to speak to these witnesses, and, ah, investigate the alibi, and we feel it would, your honor.

"*The Court:* Very well. The court in its discretion hereby denies your motion for the reason that there has been no formal notice served upon the prosecutor as required by statute in the case of alibi witnesses, and, therefore, they have had no opportunity to investigate these alibi witnesses, and it would be prejudicial to their case in order to allow these witnesses to testify. Therefore, your motion is denied."

Defendant contends that a week before trial his counsel advised the prosecutor that there were two alibi witnesses, naming them, that he wished to call to establish that the defendant was in Grand Rapids at the time of the alleged offense. Defendant further contends that he was informed by the prosecutor that these two men were wanted by his office on an armed robbery charge and invited defense counsel to produce them as their whereabouts was unknown. Defendant argues that when his counsel observed the two young men in the courthouse in the custody of the sheriff on the date of trial, he then made the above motion. The prosecutor admits that about a week before trial defendant's attorney verbally informed him that there was a possibility of an alibi defense and the named parties were mentioned as alibi witnesses.

MCLA 768.20; MSA 28.1043 requires a defendant wishing to claim alibi to file a written notice of alibi with the prosecuting attorney, setting out the claim of alibi, the location the defendant claims to have been at the time of the offense and the names of the witnesses to be called in support of the alibi. MCLA 768.21; MSA 28.1044 provides:

"In the event of the failure of a defendant to file the written notice prescribed in the preceding section, the

court may in its discretion exclude evidence offered by such defendant for the purpose of establishing an alibi or the insanity of such defendant as set forth in the preceding section."

In *People v McFadden,* 347 Mich 357, 360; 79 NW2d 869 (1956), the Court stated:

"We think it apparent that the requirement of the code of criminal procedure with reference to giving notice of the defense of an alibi in certain cases was enacted for the benefit and protection of the public."

The soundness of this statement cannot be denied. It seems clear that any exercise of the discretion in allowing or disallowing alibi evidence, where there has been a failure to comply with the alibi statute, should be made with this in mind. But judicial discretion should be exercised. A simple declaration that the prosecution would be prejudiced would not serve as sufficient ground for a denial of proof of alibi where one week's oral notice and identity of the two alibi witnesses was admitted by the prosecutor. Furthermore, the identified witnesses were lodged in the Newaygo County jail sometime prior to the trial date and were thereafter available for questioning by the prosecutor. While the record is silent as to whether the prosecutor knew the place the defendant claimed to have been at the time of the alleged offense, it is clear that a question to the defendant's counsel or to the identified witnesses would have elicited this information. These circumstances indicate beyond a reasonable doubt that the people's case could not have been prejudiced but for the prosecutor's failure to investigate the information at hand and if need be move for an adjournment for that purpose. Accordingly, we find that the denial of defendant's request to call

two identified alibi witnesses to be a clear abuse of discretion. In view of our disposition of the above issue we decline to consider the question of the constitutionality of the Michigan alibi statute in light of *Wardius v Oregon,* 412 US 470; 93 S Ct 2208; 37 L Ed 2d 82 (1973).

Reversed and remanded.

All concurred.