McDANIEL v JACKSON

1. BASTARDS—PATERNITY PROCEEDINGS—DEFENSES—DOUBLE JEOP-
    ARDY.

    Paternity proceedings partake of the character of both civil and
      criminal proceedings; as such, they may be subject to defenses
      of double jeopardy, but double jeopardy may not be claimed
      where the prior suit is dismissed at arraignment and before the
      jury is impaneled and sworn at trial.

2. DISMISSAL AND NONSUIT—VOLUNTARY DISMISSAL—DISMISSAL WITH-
    OUT PREJUDICE—COURT RULES.

    A voluntary dismissal, at the plaintiff's instance and upon order
      of the court, is without prejudice unless otherwise specified in
      the order (GCR 1963, 504.1[2]).

3. DISMISSAL AND NONSUIT—ESTOPPEL—DISMISSAL WITHOUT PREJUDICE
    —RES JUDICATA.

    An order of dismissal without prejudice is not res judicata, and
      the plaintiff is not thereby barred from instituting a second
      action.

4. ESTOPPEL—RES JUDICATA—PRIOR ORDER OF DISMISSAL—DISMISSAL
    WITHOUT PREJUDICE—FINAL ORDER.

    A paternity action is not barred because of estoppel or res
      judicata by an order of dismissal in a prior action brought by
      the same complainant against the same defendant where the
      dismissal had been at the request of the plaintiff and where the
      order was without prejudice; the order of dismissal is not a
      final order because the trial court was not the ultimate fact-
      finder on the issue of paternity where the court was faced only

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur 2d, Bastards § 94.

Judgment in bastardy proceeding as conclusive of issues in subse-
  quent bastardy proceeding. 37 ALR2d 836.

[2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 7–9, 28.

Construction, as to terms and conditions, of rule or statute provid-
  ing for voluntary dismissal without prejudice upon such terms
  and conditions as court deems proper. 21 ALR2d 627.

[3, 4] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 3, 53,
  76–78.

with the determination of whether or not to grant the prosecution's motion for a voluntary dismissal.

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted June 16, 1977, at Lansing. (Docket No. 31144.) Decided September 8, 1977.

Complaint by Irma J. McDaniel against Winfred W. Jackson for an order of filiation under the paternity act. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Nicholas R. Trogan, III, P. C.,* for plaintiff.

*Joseph L. Scorsone, Jr.,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and ALLEN and D. R. FREEMAN,* JJ.

ALLEN, J. Where, upon a complaint under the paternity act, the complainant testified at a preliminary hearing that the defendant is not the father of her child and where, pursuant to such testimony an order of dismissal is entered upon the motion of the prosecutor, does such order constitute a bar to a subsequent paternity proceeding initiated by the same plaintiff against the same defendant? This issue comes to us on the following facts.

On October 9, 1975, plaintiff filed a complaint through the Saginaw County Prosecutor's Office under the paternity act, MCLA 722.711 *et seq.;* MSA 25.491 *et seq.,* alleging that defendant was the father of her child. On October 20, 1975, defendant appeared in circuit court with counsel in response to a letter order from the prosecutor's office directing him to be present for arraignment

---

* Circuit judge, sitting on the Court of Appeals by assignment.

on the paternity charge. The hearing opened with the assistant prosecutor announcing "this is the time that was set for the arraignment". But it had come to the prosecutor's attention that complainant had picked the wrong man and that the individual with whom she did have relations apparently used defendant's name. Whereupon the circuit judge asked complainant to take the stand. In response to questions by the assistant prosecutor, complainant clearly stated that defendant was not the father of her child. At the conclusion of this testimony the court granted the people's motion to dismiss. On October 20, 1975, a formal order of dismissal was entered. Significantly, the order did not state whether the dismissal was with or without prejudice.[1]

Some seven months later on May 24, 1976, complainant, hereinafter referred to as appellant, filed a second complaint in the Saginaw Circuit Court under the paternity act, again charging defendant as being the father of her child, Tracy McDaniel, born March 22, 1975. On this occasion, appellant was represented by private counsel. Defendant filed a motion for accelerated judgment and affidavit in support thereof, contending that the prior proceedings constituted a bar to the second action. Appellant responded to the motion by answer and affidavit stating that her testimony on October 20, 1975, was false and untrue because defendant had threatened her with death or great harm if she did not withdraw her complaint, and had promised money for the child's support. The prosecutor's office also filed an affidavit in opposition to the motion for accelerated judgment, alleging that the people had not intended that the

---

[1] "It is hereby ordered that the cause filed October 9, 1975 be and is hereby dismissed."

prosecutor's 1975 motion to dismiss be taken with prejudice. Following oral arguments on the motion, the court, on October 25, 1976, granted the motion for accelerated judgment.[2] Timely appeal was taken and the issue of apparent first impression is now before us.

Paternity proceedings partake of the character of both civil and criminal proceedings. *Artibee v Cheboygan Circuit Judge,* 397 Mich 54; 243 NW2d 248 (1976). Since such proceedings have criminal characteristics they may be subject to defenses of double jeopardy. However, double jeopardy may not be claimed where, as here, suit is dismissed at arraignment and before the jury is empaneled and sworn at trial. *People v Pribble,* 72 Mich App 219, 223; 249 NW2d 363 (1976). Hence, we need not pursue the defense of double jeopardy further.

The knotty question raised here is the legal effect of the trial court's order October 20, 1975, dismissing the first paternity action. Was it, as is claimed by defendant, an adjudication of a factual issue on the merits thus properly allowing a motion for accelerated judgment under GCR 1963, 116.1(5) on the ground that the claim is barred by res judicata? 14 Michigan Law & Practice, Judgment, § 161, p 606 and § 172, p 615. We respond in the negative. We determine that the question is controlled by GCR 1963, 504.1(2), the relevant portion of which reads as follows:

".1 *Voluntary Dismissal;* Effect.

\* \* \*

"(2) By Order of Court. Except as provided in sub-rule 504.1(1), an action shall not be dismissed *at the plaintiff's instance* unless by order of court upon such terms

---

[2] "I will grant the accelerated judgment. I recall the affidavit and it frankly never happened before. She said he wasn't the father of the child. As far as I'm concerned, the case is over."

and conditions as the court deems proper. * * * *Unless otherwise specified in the order, a dismissal by order of court under this paragraph is without prejudice."* (Emphasis supplied.)

The above quoted rule, which curiously was not cited in the brief of either of the parties hereto, refers to voluntary rather than involuntary dismissal.[3] The trial court's order of dismissal October 20, 1975, was in response to the prosecutor's motion. As such, it clearly constituted a voluntary dismissal. Under the unambiguous wording contained in the emphasized portion of the rule—the order not specifying otherwise—the dismissal is without prejudice. Being without prejudice, the order of dismissal is not res judicata, and plaintiff is not barred from instituting a second action.

"In general, a voluntary dismissal under sub-rule 504.1, is without prejudice, and thus does not prohibit subsequent prosecution of the same action, unless the order of dismissal specifically states that it is with prejudice. Conversely, an involuntary dismissal under sub-rule 504.2 operates as an adjudication on the merits —that is, with prejudice—thereby proscribing subsequent prosecution of the same claim unless the order of dismissal specifies otherwise." 2 Honigman and Hawkins, Michigan Court Rules Annotated, Rule 504, Authors Comments, p 333.

Defendant argues that since the only fact on which testimony was taken at the October 20, 1975 arraignment[4] was the fact that defendant was

---

[3] Involuntary dismissal is covered by Rule 504.2.

[4] The parties refer to the October 20, 1975 hearing as an "arraignment", a further reflection of the mixed civil-criminal nature of paternity actions. The same term was used without comment by the Supreme Court in *Artibee v Cheboygan Circuit Judge, supra.* The statute provides that trial may be held immediately upon the defendant's first appearance or may be scheduled for a later date in which case the defendant may be required to post a bond. If the latter

not the father, the order, even though voluntary, was a final determination thus allowing the doctrine of estoppel or bar by res judicata to come into play. We disagree. The trial judge was not sitting as the ultimate fact-finder at that hearing. He was not then empowered to finally determine the paternity issue. On the motion before him, the trial court was only empowered to determine whether or not to grant the prosecutor's motion for a voluntary dismissal.

Finally, defendant suggests that if any supplemental hearing is mandated it properly should come under GCR 1963, 528.3. That rule permits relief from a final judgment or order upon a showing of fraud or other misconduct of an adverse party. However, the rule itself provides that any motion made under subsection 3 must be made within a year of the judgment or order in question.[5] Thus the rule is unavailable unless the earlier testimony is deemed "fraud upon the court".[6] But overlooking this technicality, a more material reason exists for the inapplicability of the rule in the instant case. The rule applies only to *final* judgments or *final* orders. In our earlier discussion we have held that the order of dismissal was without prejudice thus allowing the plaintiff to take such other action as deemed necessary. Thus, the order was not a final order of the nature encompassed by the rule.

In arriving at our decision, we are sensitive to

---

course is followed, the first hearing is similar to an arraignment in a criminal case. MCLA 722.714(e); MSA 25.494(e).

[5] "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment order or proceeding was entered or taken."

[6] The limitation of one year does not apply where "fraud upon the court" is involved. *Parlove v Klein,* 37 Mich App 537, 543–544; 195 NW2d 3 (1972).

the able trial judge's impatience, and respect his concern that a matter which seemingly had been decided, was not decided at all. This panel, too, is concerned and seeks to avoid retrials of issues decided with finality. However, on the facts before us the trial court could not and did not make a final determination of defendant's paternity. The order granting accelerated judgment to defendant October 25, 1976, is set aside and vacated and the cause remanded for trial on the merits. At such trial, defendant may set forth in defense the contradictory testimony of appellant; and the court or jury may determine on which of the two occasions appellant was speaking the truth.

Reversed and remanded in accordance with this opinion.