HUGGINS v RAHFELDT

Docket No. 77-2061. Submitted March 8, 1978, at Detroit.—Decided June 5, 1978.

> Sandra D. Huggins commenced an action against Daniel Rahfeldt claiming that the defendant was the father of her child born out of wedlock. Judgment entered after a finding that the defendant was the father of the child and the defendant was ordered to pay child support, Ingham Circuit Court, Jack W. Warren, J. Defendant appeals, claiming that the trial court applied the incorrect standard of proof and that the correct standard of proof in a paternity action is proof beyond a reasonable doubt. *Held:*
>
> The trial court applied the appropriate standard for a paternity action, proof by a preponderance of the evidence.
>
> Affirmed.

BASTARDS—PATERNITY PROCEEDINGS—STANDARD OF PROOF—PREPONDERANCE OF EVIDENCE.

> The standard of proof in a paternity action is proof by a preponderance of the evidence.

*John Brattin,* for plaintiff.

*McGinty, Rosewarne, Halverson, Brown & Jakubiak, P. C.* (by *Thomas M. Hitch),* for defendant.

Before: R. B. BURNS, P. J., and BRONSON and D. F. WALSH, JJ.

BRONSON, J. Defendant appeals an adverse judgment in a paternity action.[1] The sole issue on appeal concerns the degree of proof necessary to prevail in such an action. The trial court held that

REFERENCE FOR POINTS IN HEADNOTE
10 Am Jur 2d, Bastards §§ 19, 20.

[1] MCL 722.711 *et seq.;* MSA 25.491 *et seq.*

proof by a preponderance of the evidence was the proper standard and that plaintiff had met that standard.[2] Defendant appeals of right, contending that the correct standard of proof in a paternity action is proof beyond a reasonable doubt.

An early Supreme Court case, *Semon v People*, 42 Mich 141; 3 NW 304 (1879), squarely held that the degree of proof necessary to prevail in a paternity action is proof by a preponderance of the evidence. The Court reasoned that paternity actions were not criminal in nature, but were "special" actions entailing only civil consequences.

This result has been followed in later cases, although it has never been specifically addressed. In *Harley v Ionia Circuit Judge*, 140 Mich 642; 104 NW 21 (1905), *Semon* was approvingly cited for the proposition that bastardy proceedings are quasi-criminal. In *People v Finks*, 343 Mich 304, 309; 72 NW2d 250 (1955), the Court approved a jury instruction which stated that the standard was a preponderance of the evidence, although that aspect of the instruction was not in issue.[3] The Court of Appeals has affirmed verdicts for plaintiffs in paternity actions where there was conflicting evidence of paternity. See *Champlin v Manke*, 33 Mich App 318; 189 NW2d 839 (1971), *Houfek v Shafer*, 7 Mich App 161; 151 NW2d 385

---

[2] The trial court also held that plaintiff had not met the beyond a reasonable doubt standard.

[3] The issue in *Finks* was the propriety of a jury instruction referring to the state's interest in the case on behalf of an illegitimate child "likely to become a public charge". The Court stated:

"In the present case we adopt the statement of the Oklahoma supreme court—we cannot believe that the jury found against an innocent man to save the taxpayers from supporting the child, because when we read the entire instruction to the jury we come to but 1 conclusion, namely: That the trial court emphatically instructed the jury that they must not find the defendant to be the father of the child unless they were satisfied by a preponderance of the evidence that he was the father." *People v Finks, supra*, at 312.

(1967). Justice COLEMAN's dissent in *Artibee v Cheboygan Circuit Judge,* 397 Mich 54; 243 NW2d 248 (1976), also stated that the standard of proof was a preponderance of the evidence.

Defendant argues that the *Semon* line of authority has been implicitly overruled by recent cases holding that some criminal procedural protections apply to paternity actions.[4] In particular, defendant relies on *Artibee v Cheboygan Circuit Judge, supra,* which held that due process[5] requires that a defendant in a paternity proceeding be afforded a right to counsel.

Little is gained in analyzing paternity procedures by labeling those proceedings as "civil" or "criminal" and reaching a certain result based on which label is applied. A long line of cases has recognized that paternity actions are neither purely civil nor purely criminal, but *sui generis.* See *Semon v People, supra.*

In *Artibee,* the Court held that paternity proceedings were sufficiently complex and of sufficient consequence to a defendant to require that a defendant be afforded counsel in the interest of fundamental fairness. Although *Artibee* may be a harbinger of future Supreme Court decisions, it did not extend the full panoply of criminal procedural protections to paternity defendants but was limited solely to the right to counsel. We hold that *Semon v People, supra,* was not overruled by *Artibee.*

Changing the burden of proof in a paternity

---

[4] *See, e.g., People v McFadden,* 347 Mich 357; 79 NW2d 869 (1956) (notice of alibi required), *People v Stoeckl,* 347 Mich 1; 78 NW2d 640 (1956) (comment on defendant's failure to testify held reversible error), *McDaniel v Jackson,* 78 Mich App 218; 259 NW2d 563 (1977) (double jeopardy may apply to paternity action). *But see Romain v Peters,* 9 Mich App 60; 155 NW2d 700 (1967) (unanimous jury verdict not required in paternity action).

[5] Const 1963, art 1, § 17.

action also entails different considerations from extending a right to counsel to paternity defendants. Because of the nature of the paternity action, the evidence is generally conflicting; most actions become credibility contests. As the trial judge in the case at bar noted, few plaintiffs could prevail if they were required to prove paternity beyond a reasonable doubt. This would undermine the basic purpose of the paternity act: to provide support for children born out of wedlock.

We find valid the Supreme Court precedent holding that the standard of proof in a paternity action is proof by a preponderance of the evidence. As we are not convinced that the Supreme Court would overrule *Semon v People, supra,* if it were to decide that issue today, we are bound to follow it. *Cf. Burton Drywall, Inc v Kaufman,* 69 Mich App 85; 244 NW2d 367 (1976).[6] We hold that the trial court applied the correct standard of proof.

Affirmed. Costs to appellee.

[6] *Reversed on other grounds,* 402 Mich 366; 263 NW2d 249 (1978).